Elizabeth M. McCAULEY et al., Appellants,

v.

Paul ALEXANDER, Individually and as Independent Executor of the Will of Doris Permenter, Deceased, et al., Appellees.

No. 5619.

Court of Civil Appeals of Texas, Waco.

Nov. 4, 1976.

Rehearing Denied Dec. 9, 1976.

Thomas L. Cook, Beard & Kultgen, Waco, for appellants.

John F. Sheehy, Sheehy, Lovelace & Mayfield, Waco, John L. Hill, Atty. Gen. of Tex., Stephen J. Wilkinson, Asst. Atty. Gen., Austin, for appellees.

HALL, Justice.

Mrs. Doris Permenter died in June, 1974. The appellants, her brothers and sisters, are her only heirs. They brought this suit for the construction of her will. The defendants are the executor of the will, the Eden Home For The Aged, Inc. (which is the only beneficiary named in the will), and the Attorney General of Texas (because the Eden Home is a charitable institution within the meaning of Article 4412a, Vernon's Tex.Civ. St.).

The will was typewritten and was signed by the testatrix. It has been probated. Excepting the usual publication and attesting paragraphs, which are not in dispute, the will provides in full as follows:

First. I direct that all my just debts shall be paid.

Second. I give, devise and bequeath unto the Eden Home, in New Braunfels, Texas, being a home sponsored by the South Central Conference of the United Church of Christ, to have and to hold in fee simple interest forever.

Third. I hereby appoint Paul Alexander as independent executor of this my will and direct that no bond shall be required of him and that no other action shall be had in the County Court in relation to the settlement of said estate than the probating and recording of this my will and the return of statutory inventory, appraisement and list of claims of said estate and of all claims due or owing by me at the time of my death.

Pointing to the fact that in the second paragraph of the will there is no designation of property to be given to the Eden Home, the appellants pleaded that the will does not dispose of any of the testatrix's property and that they are entitled to receive her estate as her heirs. The Eden Home answered that the will "taken as a whole" shows that the testatrix intended to leave it all of her property. Alternatively, the Home alleged that the attorney who drafted the will mistakenly omitted the words "all property of which I may die seized and possessed" at the end of the second paragraph, and that the will should be amended to add this phrase. The Attorney General answered with a general denial.

The trial was non-jury. Extrinsic evidence was adduced. The court construed the will to leave all of the testatrix's property to the Eden Home. In two points on appeal, the appellants assert the court erred (1) in failing to hold that the will did not dispose of the deceased's property, and (2) in admitting and considering extrinsic evidence "to supply a bequest of property not provided for in the will."

The problem here is posed by the omission of property designation in the second paragraph of the will.

■ Where there is an obvious omission of a word or phrase in a will, shown by reference to the other words or phrases used, then the rules of construction permit the court to transpose words and phrases in the will in order to effectuate the manifest purpose of the testator shown by the language of the will as a whole. *Darragh v. Barmore*, 242 S.W. 714, 717 (Tex.Com.App., 1922); *Neely v. Brogden*, 239 S.W. 192, 194 (Tex.Com.App., 1922); *Cook v. Worthington*, 116 Ark. 328, 173 S.W. 395, 397 (1915).

In the third paragraph of her will, Mrs. Permenter refers to the settlement in County Court of "said estate" and to the return of inventory, appraisement, and list of claims of "said estate." When considered in context with all of the language of the will, these references to the testatrix's estate can only relate to the property intended to be devised by her in the second paragraph of the will, and obviously do so. Placed in that paragraph, they cause the will to read, "I give, devise and bequeath [my estate] unto the Eden Home . . ," or, "I give, devise and bequeath unto the Eden Home . . . , to have and to hold in fee simple forever, [my estate]." When this is done, the will must be construed as leaving the testatrix's estate to the Eden Home. Manifestly, this is what was intended by the testatrix in this short-form, one-beneficiary will.

■ Any question raised by the transposition as to how much of the estate was intended to be devised is answered by the presumption (unrebutted, here) that one who makes a will intends by it to dispose of all of his property. *Carr v. Rogers*, 383 S.W.2d 383, 384 (Tex.Sup., 1964). Additionally, extrinsic proof may be used to explain any uncertainty that might be posed by the use of the word and to show "that the transposition does really bring out the true intent of the testator, and thus render what was before obscure, clear." *Hawes v. Foot*, 64 Tex. 22, 27 (1885); *Neely v. Brogden,* supra. In its admissible parts, the extrinsic evidence in our case shows without dispute and beyond any doubt that Mrs. Permenter intended to leave all of her estate to the Eden Home, and that the omission in ques-

tion resulted from the inadvertent failure of the lawyer who prepared the will to include the words "all of my property and estate" at the end of the second paragraph.

The appellants assert that in the second paragraph the testatrix "clearly states, 'I leave nothing to the Eden Home.'" We disagree. This construction presumes that the scrivener's mistake was intended by the testatrix. It is not supported by the record.

Finally, the appellants cite the general rule that extrinsic evidence may not be used to fill blanks or supply omissions in wills regarding property or beneficiaries. A study of the cases shows that this rule is applicable only where the omission is not apparent on the face of the will; or, if the omission is apparent, then where the will is certain and complete without the omitted matter, or where there is absolutely nothing in the will relating to the property or the person that is meant.[1] As we have shown, the will before us does not fall within these classes. "What the courts really mean when they say that parol evidence is not admissible to correct a mistake is that, where the will as it stands is intelligible and is applicable with certainty to some person or thing in existence, such evidence is not competent to show the testator's intention to designate some other person or thing. In other words, the rule against admitting extrinsic evidence to correct mistakes or supply omissions in wills amounts to no more than a slightly different statement or application of the general rule against varying, contradicting, or adding to the terms of the will. This rule does not impinge upon the principle admitting evidence to show and resolve a latent ambiguity. The fact that such an ambiguity results from an error or omission does not give rise to an exception to the rule admitting extrinsic evidence in such cases, so long as the office and effect of the evidence are to interpret and apply language actually embodied in the will, and not to vary or contradict such language, or to interpolate therein a provision, word, or name of which there is no semblance in the instrument." 94 A.L.R. 68–69.

The judgment is affirmed.

1. Example cases: *Hunt v. White*, 24 Tex. 643 (1860); *Heidenheimer v. Bauman*, 84 Tex. 174, 19 S.W. 382 (1892); *Holcomb v. Newton*, 226 S.W.2d 670 (Tex.Civ.App.—Texarkana 1950, writ ref'd n. r. e.); *Morton v. Calvin*, 164 S.W. 420 (Tex.Civ.App.—Texarkana 1914, writ ref.); *Cook v. Worthington*, 116 Ark. 328, 173 S.W. 395 (1915). Others are found in the annotation at 94 A.L.R. 26, 65.