Jimmie L. MARIS, Appellant,

v.

Tracy L. McCRAW; Kristina N. McCraw; and Lena J. Wiggins, Independent Executrix of the Estate of Donna Ann Maris, Deceased, Appellees.

No. 11–93–355–CV.

Court of Appeals of Texas, Eastland.

June 29, 1995.

Rehearing Overruled Aug. 10, 1995.

David Stubblefield, Stubblefield, De La Garza & Marek, Dallas, for appellant.

Gary Sibley, Dallas, Joe D. Gregory, Gregory & Gregory, Grapevine, for appellees.

McCLOUD, Justice (Retired).

The controlling issue in this circumstantial evidence case is whether there is sufficient evidence to show that the insured, a federal employee, filed before her death a signed beneficiary designation form with her employer. Donna Ann Maris was an employee of the United States Department of Labor and was insured under the "Federal Employees Group Life Insurance Program." The Federal Employees Group Life Insurance Act, 5 U.S.C.A. § 8705(a) (West Supp.1995), provides that the life insurance proceeds are to be paid to the beneficiary designated by the employee in a signed and witnessed writing received before death "in the employing office." If there is no designated beneficiary, the proceeds are to be paid to the widow or widower of the employee.

Donna Ann Maris died in 1987. Her personnel file did not contain a written beneficiary designation form signed by Donna Ann Maris designating any person as the beneficiary of her life insurance proceeds. Donna Ann Maris was survived by her husband, Jimmie L. Maris, and by her two children from a prior marriage, Tracy L. McCraw and Kristina N. McCraw. The children filed a declaratory judgment suit against the husband contending that they were entitled to the insurance proceeds because their mother signed and filed the appropriate form with the employing office designating them as beneficiaries and because the beneficiary designation form was subsequently lost. The husband counterclaimed asserting that he was entitled to the life insurance proceeds.[1] The jury found in favor of the children. The husband appeals. We affirm.[2]

The husband urges in his first point of error that the trial court erred in admitting evidence of Donna Ann Maris' intent to leave her property, including her life insurance, to her two children. The husband waived this complaint because the same evidence was presented without objection. *Marling v. Maillard,* 826 S.W.2d 735 (Tex. App.—Houston [14th Dist.] 1992, no writ). The husband's objection to the introduction of Donna Ann Maris' will fails to point out the specific objection with sufficient particularity and specificity. *Murphy v. Waldrip,* 692 S.W.2d 584 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.). The husband's first point of error is overruled.

The jury found in Question No. 1 that, before she died, Donna Ann Maris filed with her employer a signed and witnessed designation naming her two children as the benefi-

1. Lena J. Wiggins, Independent Executrix of the Estate of Donna Ann Maris, Deceased, is also a party to the suit.

2. This is the second appeal of this case. In the first trial, the trial court found in favor of the husband in a nonjury trial. The Dallas Court of Appeals affirmed the trial court's judgment; however, the Supreme Court reversed the judgment of the Court of Appeals and remanded the case for retrial. *McCraw v. Maris,* 837 S.W.2d 646 (Tex.App.—Dallas 1990), *rev'd, McCraw v. Maris,* 828 S.W.2d 756 (Tex.1992).

ciaries of her life insurance policy. In Points of Error Nos. 2, 3, and 4, the husband challenges the legal and factual sufficiency of the evidence to support the jury's finding.

■ In considering the no evidence challenge, we consider only the evidence and inferences supporting the jury finding and disregard all contrary evidence. We review and weigh all of the evidence when passing upon the husband's factual insufficiency point. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Donna Ann Maris married Jimmie L. Maris on July 28, 1980. They lived together as husband and wife for only six or eight months. When Donna Ann Maris died in 1987, she and Jimmie L. Maris had been separated and had not lived as husband and wife for more than six years. However, they were never divorced.

Prior to her death, Donna Ann Maris signed and filed with her employer "Designation of Beneficiary" forms naming her two children as the beneficiaries of her "Civil Service Retirement" and any "Unpaid Compensation." Charles Downs and Peter H. Perkins, co-employees of Donna Ann Maris, identified their signatures as witnesses on the "Unpaid Compensation" beneficiary designation form. Neither Downs nor Perkins were witnesses on the "Civil Service Retirement" beneficiary designation form. Both Downs and Perkins testified that, when they signed the "Unpaid Compensation" form in 1980 or 1981, they each, to the best of their recollection, also signed as witnesses to the "life insurance" beneficiary designation form. Downs and Perkins testified that the form named Donna Ann Maris' two children as the beneficiaries of her life insurance.

The children introduced into evidence a "duplicate beneficiary designation form," dated August 27, 1980, in the handwriting of Donna Ann Maris which named her two children as beneficiaries of her "Federal Employees Group Life Insurance" policy. There is evidence that it was Donna Ann Maris' habit to complete handwritten duplicate forms before typing and filing the originals. The handwritten form was found after Donna

Ann Maris' death in her desk at the office where she worked.

Lena J. Wiggins, the mother of Donna Ann Maris, testified that the personnel file of Donna Ann Maris at the Department of Labor where she worked did not contain either the "Unpaid Compensation" beneficiary form or the "Civil Service Retirement" beneficiary designation form. After Donna Ann Maris' death, Wiggins found the "filed-marked copies" of the two beneficiary designation forms in Donna Ann Maris' personal file at home. The copies showed that the originals had been filed with the "Regional Personnel" office of the "U.S. Department of Labor." Wiggins testified that the federal government did not pay the unpaid compensation and retirement benefits to the children until she provided the government officials with the file-marked copies showing that the original documents had been filed with the Department of Labor. Wiggins testified that the Department of Labor had lost the original beneficiary designation forms for both the "Unpaid Compensation" and "Retirement Benefits."

There was no evidence that Donna Ann Maris intended to name or ever named her estranged husband as a beneficiary of any of her property. There was evidence that Donna Ann Maris intended to leave all of her property, including her life insurance, to her two children.

The husband argues that there is no valid circumstantial evidence that Donna Ann Maris ever "filed," as required by the federal statute, the life insurance beneficiary designation form with her employer. He cites the dissenting opinions of Justices Cornyn and Gonzalez in the first appeal of this case to the Supreme Court to support his position that the jury's finding was based on mere surmise and speculation because "when circumstances are consistent with either of . . . two facts and nothing shows that one is more probable than the other, neither fact may be inferred." *McCraw v. Maris*, 828 S.W.2d 756, 761 (Tex. 1992). The husband argues that, merely because Donna Ann Maris filled out in her own handwriting the duplicate designation form naming her children the beneficiaries of her life insurance, it does not follow that she

prepared and "filed" an original. He maintains that it is just as likely that, although she intended to file the original, she for some reason did not file it.

We point out that the husband relies upon the reasoning found in the two dissenting opinions. The majority of the court, speaking through Justice Hightower, held that the trial court committed "reversible error" in the first trial by excluding evidence of the handwritten duplicate designation form naming the children as beneficiaries of the life insurance proceeds. It is clear that the majority felt that the excluded evidence was significant as to the issue of whether the form had been "filed." The court stated:

> Under the McCraws' theory of the case, it is necessary that they prove (either directly or by circumstantial evidence) that Donna Ann Maris signed and filed the appropriate form with the employing office designating them as beneficiaries. Evidence of the duplicate beneficiary designation form in the handwriting of Donna Ann Maris combined with admitted evidence that it was Donna Ann Maris' habit to complete handwritten duplicate forms prior to typing and filing the original *constitutes crucial circumstantial evidence concerning proof that Donna Ann Maris signed and filed the appropriate beneficiary designation form.* (Emphasis added)

We hold that the circumstantial evidence shows that it is more probable that Donna Ann Maris did in fact sign and file the original insurance beneficiary designation form. It is apparent that Donna Ann Maris was aware of the need to file beneficiary designation forms with her employer as shown by her filing the proper forms for her retirement pay and any unpaid compensation. The evidence shows that Donna Ann Maris intended for her property to go to her children and not to her estranged husband. Downs and Perkins testified that they recalled witnessing the life insurance beneficiary designation form. Donna Ann Maris pre-

pared in her own handwriting, as was her habit, the duplicate form naming her children. When Wiggins contacted the personnel department of the Department of Labor, Donna Ann Maris' employer was unable to locate any beneficiary designation forms signed by Donna Ann Maris. Payment of the retirement proceeds and of the unpaid compensation to the children was accomplished only after Wiggins found copies showing that the originals had been filed with the Department of Labor. We think that the jury could reasonably conclude that, for some unknown reason, the personnel department had a defective internal procedure which resulted in the misplacing or losing of beneficiary designation forms.[3]

We hold that there is some evidence to support the jury's finding to Question No. 1. After considering and weighing all of the evidence, we hold that the evidence is factually sufficient to support the finding. The husband's Points of Error Nos. 2, 3, and 4 are overruled.

In a cross appeal, the children argue that the trial court abused its discretion in awarding the husband attorney's fees. The trial court awarded the children $36,769.28 as attorney's fees and awarded the husband $24,000.00 as attorney's fees.

The trial court may award reasonable and necessary attorney's fees that are equitable and just to a nonprevailing party under the Texas Uniform Declaratory Judgments Act. See TEX.CIV.PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986); *McLendon v. McLendon,* 862 S.W.2d 662 (Tex.App.—Dallas 1993, writ den'd). The trial court's decision can only be reversed if the complaining party shows a clear abuse of discretion. *Oake v. Collin County,* 692 S.W.2d 454 (Tex.1985).

The children have failed to show that the trial court abused its discretion. The Federal Employees Group Life Insurance

---

3. Since we are affirming the trial court's judgment, we do not reach the children's cross point complaining that the trial court erred in excluding evidence from four of the eleven governmental employees who worked with Donna Ann Maris in her department that, after learning that the personnel department had lost Donna Ann Maris' beneficiary designation form, the four co-employees checked and learned that the personnel department had also lost their beneficiary designation forms.

Program refused to pay the life insurance proceeds to the children because, at the time of Donna Ann Maris' death, there was no beneficiary designation form naming the children as beneficiaries on file with the Department of Labor. Under the controlling federal statute, the proceeds were to be paid to the surviving husband. In the first trial of this case, the trial court found in favor of the husband in a nonjury trial. That judgment was affirmed by the Dallas Court of Appeals. The Supreme Court reversed the Court of Appeals because the handwritten duplicate beneficiary designation form was excluded by the trial court. The issues in this case are very close, as shown by the strong and persuasive dissenting opinions by Justices Gonzalez and Cornyn. Before payment of the insurance proceeds could be made, it was essential that this matter be finally resolved by court proceedings. Under the circumstances, we cannot say that the trial court abused its discretion in awarding the husband attorney's fees.

■ We also reject the children's argument that the award of attorney's fees to the husband is unjust and inequitable because some of the fee is related to the husband's unsuccessful appeal of the first case. As stated above, it is not necessary that a party prevail in order to receive attorney's fees under the Texas Uniform Declaratory Judgments Act. We overrule the children's cross appeal challenging the trial court's award of attorney's fees to the husband.

The judgment of the trial court is affirmed.

McCLOUD, C.J., Retired, Court of Appeals, EASTLAND, J., sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

WRIGHT, J., not participating.