**GEOCHEM TECH CORPORATION,**
Appellant,

v.

**Michael S. VERSECKES,**
et al, Appellees.

**No. 11–95–106–CV.**

Court of Appeals of Texas,
Eastland.

Aug. 22, 1996.

Rehearing Overruled Sept. 19, 1996.

Brenda Seale Gray, Breckenridge, Jerry K. Warren, Stacy Jordan Rodriguez, Locke Purnell Rain Harrell, Dallas, for Appellant.

William G. Thompson, Linda Bass Cauffman, Breckenridge, for Appellees.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

This is a summary judgment case which also presents issues regarding venue, requests for continuance, attorney's fees, and costs. The trial court to which this case was transferred entered partial summary judgment that appellant take nothing and, after a hearing thereon, awarded costs and attorney's fees to appellees. We affirm in part and reverse and remand in part.

Appellant[1] first sued GeoSERV Company, Inc. and Michael S. Verseckes in Dallas County. Appellant sought injunctive relief and damages relating, among other things, to alleged misappropriation of trade secrets. Verseckes filed a motion to transfer the lawsuit to Van Zandt County. GeoSERV also filed a motion to transfer, but it requested that the lawsuit be transferred to Stephens County. Subsequently, Verseckes amended his motion to transfer and also sought to have the case transferred to Stephens County. Appellant then amended its petition and added the remaining appellees[2] as defendants. The remaining appellees filed motions to transfer. There is some argument about whether these later motions to transfer were timely. In view of our disposition of this case, we need not reach that issue. Appellant nonsuited the entire case before the Dallas County district court ruled upon any

1. It was shown at the hearing on attorney's fees that the name of GeoChem Tech Corporation had been changed to Geofrontiers Corporation.

2. The remaining appellees are: Breckenridge Exploration Company, Inc.; Johnny L. Rowe; and James T. Clay.

of the motions to transfer. Subsequently, appellant refiled the suit in Van Zandt County against all appellees. Pursuant to motions to transfer filed by appellees, the district court in Van Zandt County transferred the lawsuit to the district court in Stephens County which granted partial summary judgment and later entered final judgment against appellant.

In its first point of error, appellant maintains that the trial court in Van Zandt County should not have transferred the case to Stephens County. Appellant argues that the case is primarily one seeking injunctive relief, that the mandatory venue provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 65.023(a) (Vernon 1986) control, and that Verseckes was a resident of Van Zandt County. Appellees do not disagree that the mandatory venue provisions control. Appellees take the position that venue was fixed in Stephens County when appellant filed its nonsuit in the Dallas County suit. It is also appellees' position that all appellees were residents of Stephens County, including Verseckes.

■ The threshold question with which we are squarely presented is, under post–1983 venue practice, does a voluntary nonsuit taken after the filing of a motion to transfer but prior to a determination of that motion fix venue in the county to which transfer was sought?

Prior to the 1983 changes in venue practice, TEX.R.CIV.P. 86 provided in part:

When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue.... If [the] adverse party desires to controvert the plea of privilege, he shall ... file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending.

Because the filing of a proper plea of privilege by a defendant constituted prima facie proof of a defendant's right to obtain a transfer, the plaintiff had the burden of proof in the venue hearing. See *Wilhelm v. Young*, 624 S.W.2d 647 (Tex.App.-Eastland 1981, no writ).

Under the former law, it was generally held that, if a plaintiff nonsuited a case while a plea of privilege was pending, venue was fixed in the county named in the plea. Some courts reasoned that, upon the filing of a nonsuit, the plaintiff effectively abandoned its contest of a defendant's plea of privilege and, in effect, withdrew any controverting affidavit that it had filed in response thereto. Therefore, because the plea of privilege was prima facie proof of a defendant's right to transfer and there was effectively no contest, venue was fixed in the county named in the plea of privilege. See, e.g., *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222 (1943). Some courts have decided the issue upon the principle of res judicata. See, e.g., *Royal Petroleum Corporation v. McCallum*, 134 Tex. 543, 135 S.W.2d 958 (1940). However, the court in *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752 (Tex.1993), recently stated that a dismissal by voluntary nonsuit actually did not involve principles of res judicata. Rather, the dismissal was deemed to admit the merits of the plea. The rationale of the rule was based upon a desire to prevent a plaintiff from subjecting a defendant to the burden of making repeated venue challenges. *Wilson v. Wilson*, 601 S.W.2d 104, 105 (Tex.Civ. App.—Dallas 1980, no writ); see also *Joiner v. Stephens*, 457 S.W.2d 351, 352 (Tex.Civ. App.—El Paso 1970, no writ).

We have found no Texas cases and the parties have cited us to none which deal directly with this issue subsequent to the 1983 modification of venue practice. The dismissal in *Ruiz* was an *involuntary* dismissal. The Supreme Court held that an *involuntary* dismissal was not tantamount to a concession of the merits of a motion to transfer. The court specifically declined to discuss the issue not before them but now before us: the effect of a *voluntary* nonsuit taken prior to a court's ruling upon a pending motion to transfer.

■ It has been said that the former general venue statute favored the defendant in providing that the defendant be sued in the county of its residence and that the exceptions to the statute favored the plaintiff. The current law, however, first favors the right of the plaintiff to maintain venue in the

county in which suit has been brought. *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449 (Tex.App.—Corpus Christi 1987, no writ). The plaintiff has the first choice of establishing venue in any permissible county. *Wilson v. Texas Parks and Wildlife Department*, 886 S.W.2d 259 (Tex.1994); *Rosales v. H.E. Butt Grocery Company*, 905 S.W.2d 745, 747 (Tex.App.—San Antonio 1995, writ den'd); *Maranatha Temple, Inc. v. Enterprise Products Co.*, 833 S.W.2d 736 (Tex.App.—Houston [1st Dist.] 1992, no writ). That is true even though there are multiple counties which might be proper for venue purposes. *Wilson v. Texas Parks and Wildlife Department, supra; Kerrville State Hospital v. Clark*, 900 S.W.2d 425 (Tex.App.—Austin 1995, no writ).

■ After a plaintiff has made that first venue choice, any objection to an improper choice of venue must be made by proper motion. See *Wichita County, Texas v. Hart*, 917 S.W.2d 779, 781 (Tex.1996). In the absence of such a motion, such objection will be waived. TEX.R.CIV.P. 86. All properly pleaded venue facts are taken as true unless specifically denied by motion filed prior to or concurrently with any other plea. TEX.R.CIV.P. 87(3)(a). If there is a specific denial of venue facts, the party alleging those venue facts must make prima facie proof of the specifically denied venue facts. Rule 87(3)(a).

■ Although there is no requirement that the plaintiff file a response to a motion to transfer, such as a controverting affidavit under the pre-1983 law, upon a specific denial of venue facts, the plaintiff must establish prima facie proof of those denied venue facts. *WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 714 (Tex.App.—Dallas 1995, no writ). If the plaintiff does so, then the lawsuit must not be transferred even though the requested transfer is to another county in which venue would have been permissible. *Wilson v. Texas Parks and Wildlife Department, supra*. If the plaintiff does not establish prima facie proof of the specifically denied venue facts, then it is incumbent upon the defendant to prove that venue is maintainable in the county to which the transfer is sought. That is because, unlike a plea of privilege, a motion to transfer is not prima facie proof of a

defendant's right to transfer. See *Rosales v. H.E. Butt Grocery Company, supra;* TEX. R.CIV.P. 87(2)(a).

However, it has been held that, if the plaintiff brings its lawsuit in an admittedly impermissible county and a defendant seeks a transfer to a proper county, the plaintiff waives his venue selection option and the suit is transferred. *Maranatha Temple, Inc. v. Enterprise Products Co., supra* at 741. Further, it has recently been held that, although a plaintiff's first choice of venue might be in a permissible county, that choice cannot withstand an attack based upon a mandatory venue provision. *Wichita County, Texas v. Hart, supra.*

While we believe that the same result should be obtained now as under the former practice when a plaintiff voluntarily nonsuits before a pending motion to transfer is determined; we also believe it to be more appropriate to look upon the matter not as if the plaintiff has waived the right to make the first choice. The plaintiff has made the first choice, and there can be only one first choice. Because a case will not be transferred from a proper county, a plaintiff who initially and rightfully chooses a proper county in which to file the lawsuit has been accorded the right to select the situs of its suit. The plaintiff who makes the choice and then voluntarily nonsuits the case should not be allowed to then make a second choice and perhaps a third choice or more by utilizing repeated nonsuits. To take any other posture would be to promote rather than prevent the very type of legal "gamesmanship" sought to be prevented under the old venue law; the goal remains as noble under the current venue practice.

The cases instruct us as to the sound reasoning behind the result under the former venue practice. That reasoning is no less sound under the current methods of venue selection. See *Wilson v. Wilson, supra; Joiner v. Stephens, supra*. We hold that a plaintiff who nonsuits following the filing of a motion to transfer but prior to the time that the trial court rules on the motion waives not only the right to contest the merits of the motion but also the right to require proof under TEX.R.CIV.P. 87 that venue is proper

in the county to which transfer is sought. Venue is fixed in the county named in the motion to transfer. The plaintiff does not thereby lose the first right to choose; the plaintiff has exercised that right.

The motions to transfer originally filed in Dallas County asserted venue to be in Stephens County. Because it nonsuited the Dallas County case prior to a determination of the motions to transfer, appellant waived the right to contest the merits of the motions to transfer and to require proof under the motions. Venue was fixed in Stephens County. Therefore, the trial court in Van Zandt County did not err when it transferred this case to Stephens County. Appellant's first point of error is overruled.

■ In its second point of error, appellant complains that the trial court erred when it denied appellant's motion for continuance. Appellees filed a motion for partial summary judgment on September 7, 1994. The hearing was scheduled for October 7, 1994. On October 3, 1994, the trial court granted appellant's request for a continuance due to the fact that one of appellant's attorneys, Jerry K. Warren, would be out of the country. The hearing was rescheduled to November 7, 1994, and then moved to December 7, 1994. On December 7, 1994, a second motion for continuance was filed by appellant in which it was stated that Warren's mother was seriously ill and that Warren would not be able to attend the hearing. The motion for continuance was presented to the trial court by another attorney from Warren's law firm, Stacy Jordan Rodriquez. We note that Rodriquez' name first appeared as one of the attorneys on the original petition filed in Dallas County and that Rodriquez has been involved with this case from its inception. Her name has appeared on other court documents in this case, and she has also participated in the discovery process. In denying the motion for continuance, the trial court granted appellant until January 3, 1995, to present any written argument it might have in opposition to appellees' motion for partial summary judgment.

■ Appellate review of a trial court's ruling upon a motion for continuance is limited to a determination of whether the trial court abused its discretion. If the trial court acts without reference to any guiding rules or principles, it acts arbitrarily and unreasonably, and it has abused its discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–242 (Tex.1985), *cert. den'd,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Waste Water, Inc. v. Alpha Finishing & Developing Corporation,* 874 S.W.2d 940 (Tex.App.– Houston [14th Dist.] 1994, no writ). In ruling upon matters of this nature, the trial court is entitled to take the entire procedural history of the case into account. *Waste Water, Inc. v. Alpha Finishing & Developing Corporation, supra.* After examining the record, we cannot say that the trial court abused its discretion when it denied appellant's second motion for continuance. Appellant's second point of error is overruled.

In its third point of error, appellant argues that the record is replete with fact issues and that the trial court erred when it granted appellees' motion for partial summary judgment.

■ It is well settled that (1) it is incumbent upon the movant for summary judgment to show that there is no material issue of fact and that the movant is entitled to judgment as a matter of law; (2) evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in the non-movant's favor. *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–549 (Tex.1985). Before a defendant can prevail upon a motion for summary judgment, the defendant must disprove as a matter of law at least one element which is essential to the plaintiff's cause of action or plead and conclusively establish each essential element of an affirmative defense to the plaintiff's cause of action.[3] *Lear*

---

**3.** Although appellant sued appellees upon several theories, the only cause of action properly briefed by appellant relates to the misappropria-

tion of trade secrets. Therefore, we will address only that cause of action. TEX.R.APP.P. 74(f);

*Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Zep Manufacturing Company v. Harthcock,* 824 S.W.2d 654 (Tex.App.—Dallas 1992, no writ).

■ The summary judgment proof shows that appellant entered into an "Asset Sale Agreement" with Halliburton Geophysical Services, Inc. (HGS) whereby appellant purchased certain assets from HGS. Appellant did not purchase HGS outright nor did it purchase any of the capital stock of HGS. One of the assets purchased by appellant from HGS was a tool used for soil sampling in the oil and gas business. Appellant also purchased the technical drawings pertaining to the construction of the tool. However, the master drawings were never delivered to appellant. The specific tool had been originally developed by either Texas Instruments (TI) or Geophysical Services, Inc. (GSI). Various refinements and engineering improvements were made by HGS. Appellant neither obtained confidentiality agreements from TI, GSI, or HGS at the time of the asset purchase from HGS nor obtained transfers or assignments of any confidentiality agreements which TI, GSI, or HGS might have had executed by its employees.

Verseckes worked for HGS immediately prior to the time that appellant entered into the Asset Sale Agreement with HGS; he no longer worked there at the time appellant made its purchase. Neither Verseckes nor any of the other appellees ever worked for appellant. After he left the employment of HGS, Verseckes and the other appellees entered into a business relationship for the performance of geochemical services, among other things. Appellant maintains that, in the performance of those services, appellees used a similar soil sampling tool, customer lists, and testing equipment and various methods of testing, all of which were obtained by misappropriating appellant's trade secrets.

A trade secret may consist of:

[A]ny formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers.

*Hyde Corporation v. Huffines,* 158 Tex. 566, 314 S.W.2d 763, 776, *cert. den'd,* 358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 148 (1958), quoting 4 RESTATEMENT OF TORTS § 757 cmt. b (1939). See also *Computer Associates International, Inc. v. Altai, Inc.,* 918 S.W.2d 453 (Tex.1994).

■ Misappropriation of trade secrets is shown by proof that: (1) a trade secret existed; (2) the trade secret was acquired through a confidential relationship; and (3) the defendant used the trade secret without authorization. *Avera v. Clark Moulding,* 791 S.W.2d 144 (Tex.App.—Dallas 1990, no writ); *Plains Cotton Cooperative Association of Lubbock, Texas v. Goodpasture Computer Service, Inc.,* 807 F.2d 1256, 1262 (5th Cir.), *cert. den'd,* 484 U.S. 821, 108 S.Ct. 80, 98 L.Ed.2d 42 (1987).

It is appellees' attack on the second prong that negates appellant's cause of action as a matter of law. While a confidential relationship might have existed between Verseckes and TI, GSI, or HGS, the summary judgment evidence shows that no relationship, confidential or otherwise, existed between any appellee and appellant. Further, appellant bought only certain specified assets from HGS; it was not a successor in interest to HGS. HGS continued to exist on its own after the date of the asset purchase by appellant. We do not decide whether Verseckes owed a duty of confidentiality to TI, GSI or HGS. Verseckes did not owe such a duty to appellant and neither did the other appellees. Because the summary judgment proof negated an essential element of appellant's cause of action as a matter of law, the trial court did not err in granting the motion for partial summary judgment. Appellant's third point of error is overruled.

■ In its fourth point of error, appellant maintains that the trial court erred when it awarded attorney's fees to appellees. The Texas Uniform Declaratory Judgments

see *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983).

Act provides: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1986). A decision to grant or to deny attorney's fees under that section is within the trial court's discretion. That discretion will not be disturbed unless there is a showing that the trial court clearly abused that discretion. *Oake v. Collin County*, 692 S.W.2d 454 (Tex. 1985); *Maris v. McCraw*, 902 S.W.2d 191 (Tex.App.—Eastland 1995, writ den'd). This is a different question than that one involving the amount of the fees awarded. When a claimant has properly invoked the declaratory judgment statutes, it is within the trial court's discretion to award attorney's fees to either party. *Federal Deposit Insurance Corporation v. Bodin Concrete Company*, 869 S.W.2d 372 (Tex.App.—Dallas 1993, writ den'd). An award of attorney's fees is not limited to the plaintiff or the party seeking affirmative relief. *Knighton v. International Business Machines Corporation*, 856 S.W.2d 206 (Tex.App.—Houston [1st Dist.] 1993, writ den'd). Appellant's lawsuit sought relief, in part, under the Declaratory Judgments Act. Therefore, under the provisions of Section 37.009, the trial court did not abuse its discretion in deciding to award attorney's fees to appellees. See *First City National Bank of Midland v. Concord Oil Company*, 808 S.W.2d 133 (Tex.App.—El Paso 1991, no writ). The cases cited by appellant for the proposition that one cannot file a declaratory judgment action on issues of non-liability, where those issues are already before the court, simply to obtain a recovery of attorney's fees are inapposite. In those cases, unlike the one before us, the opposing party had not sought relief by way of a declaratory judgment. Appellant's fourth point of error is overruled.

■ In its fifth point of error, appellant claims that the trial court "erred and abused its discretion" when it awarded attorney's fees to appellees "because there is no evidence or there is insufficient evidence ... to support such an award." This point of error, as stated, involves multiple standards of review. However, we take the point to seek a review based upon legal and factual insufficiency standards of review rather than upon abuse of discretion standards of review. We agree with the court in *Richards v. Mena*, 907 S.W.2d 566 (Tex.App.—Corpus Christi 1995, dism. agr.), that this is the appropriate standard of review when reviewing whether or not attorney's fees are reasonable and necessary.

■ While there is some dispute as to expenses awarded by the trial court, we note that appellant has not briefed an argument assailing the award of attorney's fees for fees charged by attorneys William G. Thompson and Linda Bass Cauffman. We affirm the award of attorney's fees to Thompson and Cauffman. Appellant's complaint is lodged against attorney's fees awarded in relation to the fees of Bickel & Brewer. No one from Bickel & Brewer testified at the hearing on appellees' request for attorney's fees. Appellees produced billing statements from Bickel & Brewer. Appellee Johnny L. Rowe testified that he had received the statements and had paid them and that he was familiar with some of the work done by Bickel & Brewer. Attorney Thompson also testified as to his familiarity with the actual performance of some of the work done by Bickel & Brewer as reflected by the billing statements. Thompson also testified that the hourly rates reflected in the billing statements were "not extraordinary" and were "reasonable and customary fees for Dallas attorneys in the Dallas courthouse." Appellant objected that the billing statements were hearsay and that they had not been properly authenticated because Thompson was not a member of the firm to which the fees related and could not authenticate the invoices, because he had no personal knowledge of the services rendered, and because he lacked necessary familiarity with the usual and customary cost of the legal services allegedly performed. Appellant further asserts that portions of the evidence from Thompson and from Rowe were hearsay. A party who seeks to recover attorney's fees in a declaratory judgment action under Section 37.009 must prove that the fees are reasonable and necessary. A party who claims attorney's fees under Section 37.009 enjoys neither the presumption of reasonableness nor the avail-

ability of judicial notice as does one who claims under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 et seq. (Vernon 1986). Chapter 38 provides for attorney's fees in certain enumerated cases. Declaratory judgment actions do not fall under the provisions of Chapter 38. The Chapter 38 provisions presume attorney's fees to be reasonable and also allow a trial court to take judicial notice that attorney's fees are reasonable. In a declaratory judgment action, there are no such provisions. Therefore, in this declaratory judgment action, the record must support the implied finding that the Bickel & Brewer fees were reasonable and necessary. The judgment of the trial court implies all necessary findings of fact in support of its judgment. *Shenandoah Associates v. J & K Properties, Inc.*, 741 S.W.2d 470 (Tex.App.—Dallas 1987, writ den'd).

■ We will review the trial court's implied findings of fact for legal and factual sufficiency by the same standards as those applied to a review of findings in jury trials. *Watson v. Dingler*, 831 S.W.2d 834 (Tex. App.—Houston [14th Dist.] 1992, writ den'd). In addressing a no evidence point, we consider only the evidence and inferences supporting the finding, and we disregard all evidence to the contrary. *Maris v. McCraw, supra*. In addressing a factual sufficiency point, we must consider all of the evidence and determine whether the finding is so weak or so against the overwhelming weight of the evidence that it is clearly wrong and unjust. *Watson v. Dingler, supra*.

■ Appellant's hearsay objection to the Bickel & Brewer statements should have been sustained. We note that the Bickel & Brewer billing statements were not offered as business records. See TEX.R.CIV.EVID. 803; cf. *Printing Center of Texas, Inc. v. Supermind Publishing Co., Inc.*, 669 S.W.2d 779 (Tex.App.—Houston [14th Dist] 1984, no writ). Even though the objected-to evidence should not have been admitted, the testimony of Thompson and of Rowe constitutes some evidence of Bickel & Brewer's attorney's fees. A party seeking the recovery of attorney's fees is not relegated to using the magic words "reasonable and necessary." See *Webb v. International Trucking Company,*

*Inc.*, 909 S.W.2d 220 (Tex.App.—San Antonio 1995, no writ). However, we have reviewed the entire record and have determined that, although there is some evidence to support the award, the evidence is factually insufficient to support the award of attorney's fees to Bickel & Brewer. Because there is some evidence on the issue of attorney's fees, appellant's no evidence complaint is overruled, and its factual insufficiency complaint is sustained. Therefore, we reverse and remand this portion of the lawsuit to the trial court so that the trial court can determine the amount of attorney's fees it finds to be reasonable and necessary. *Richards v. Mena, supra*.

In its final point of error, appellant urges that various items of costs and expenses should not have been awarded to appellees. In support of its position, appellant cites *Shenandoah Associates v. J & K Properties, Inc., supra*. We agree with appellant's contention that certain expenses are not properly recoverable. However, appellant simply refers to the exhibits in general as containing the improper expenses. We reverse and remand this portion of the judgment to the trial court for a determination of the items properly includable in the award of costs under *Shenandoah*.

The judgment of the trial court regarding attorney's fees relative to Bickel & Brewer and regarding the award of costs is reversed and remanded to the trial court for a determination of reasonable and necessary attorney's fees to be awarded and for a determination of properly includable costs. In all other respects, the judgment of the trial court is affirmed.