**Ben S. SKINNER, III and Sharon Leigh Kane, Appellants,**

v.

**Shirley J. MOORE, Appellee.**

**No. 11–96–106–CV.**

Court of Appeals of Texas, Eastland.

Feb. 13, 1997.

Cynthia Keely Timms, Barbara M. Anderson, Locke Purnell Rain Harrell, Dallas, for appellants.

Paul Mohtares, James W. Morris, Jr., Goins, Underkofler, Crawford & Langdon, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON, J., and McCLOUD, Senior Justice.[1]

## OPINION

McCLOUD, Senior Justice.

This is a will construction case. The issue is whether "four Subway Sandwich Shop franchises" pass to Shirley J. Moore as a specific bequest or to Ben S. Skinner, III and Sharon Leigh Kane under the residuary clause of the will. All parties moved for summary judgment. The trial court ruled in favor of Moore. Skinner and Kane appeal. We affirm.

The controversy results from a codicil to the will of Ben S. Skinner, Jr., deceased. The codicil reads:

### SECTION IV

### SPECIFIC BEQUESTS

I give my 1985 Nissan 300 ZX automobile to SHIRLEY J. MOORE.

I give all my tools to MELVIN BENTLEY.

I give all of the personal effects and furniture which I inherited from my mother, MARGERY DALE SKINNER, to my sister, CAROL LYN BENTLEY.

I give all my common stock which represents my total ownership interest in Bensubs, Inc., a Texas corporation, and Allen Subway, Inc., a Texas Corporation, to SHIRLEY J. MOORE. This bequest is conditioned on SHIRLEY J. MOORE assuming all debt of both corporations that I have given my personal guarantee on. It is my intention that my RESIDUARY ESTATE not be diminished by any debts of either corporation.

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

*I give all my rights, title, and interests in four Subway Sandwich Shop franchises more specifically described as: (1) the Hillcrest franchise number 6562, located in Dallas County, Texas; the Wylie franchise number 12351 located in Collin County, Texas; the Shiloh franchise number 11438, located in Collin County, Texas, and the Allen franchise number 7761, located in Collin County, Texas.* (Emphasis added)

Section V of the will provides that the residuary estate passes to Skinner and Kane, the children of the deceased. Skinner and Kane argue that the codicil fails to name a beneficiary of the Subway franchises; therefore, the franchises pass to them as the beneficiaries of the residuary estate.

Moore first maintains that the codicil is unambiguous and provides that she is to receive the four franchises. Moore asserts alternatively that, if the will and codicil are ambiguous, the extrinsic evidence shows that the deceased intended that Moore should receive the four franchises. Moore filed as her summary judgment proof the affidavit of the attorney who drafted the codicil. The attorney stated that the purpose of the codicil was to give to Moore all of the decedent's stock in Bensubs, Inc. and Allen Subway, Inc., together with the four Subway franchises. According to the attorney's affidavit, the decedent advised the attorney that the sole purpose of the codicil was to give to Moore all of decedent's interest in the two corporations and the four franchises. The attorney stated that, upon reviewing the codicil, he realized that a "drafting error" had been made. The paragraph that described the gift of the four franchises "should have been included in the immediately preceding paragraph" which gave to Moore the decedent's stock in the corporations "which contained the operating assets and liabilities of the four Franchises." The attorney stated that the decedent and Moore were equal one-half owners of "Allen Subway, Inc. and the Allen Subway Franchise No. 7761" when the codicil was executed.

■ The primary concern of the court in the construction of wills is to determine the testator's intent. *Sellers v. Powers,* 426 S.W.2d 533 (Tex.1968). The intent of the testator must be ascertained by reviewing the will in its entirety. *Bergin v. Bergin,* 159 Tex. 83, 315 S.W.2d 943 (1958). The rule is well established that, under certain circumstances, paragraphs in a will may be transposed. The court in *Hawes and Duncan v. Foote,* 64 Tex. 22, 27 (1885), stated the rule as follows:

There is no more clearly established rule of construction, as applicable to wills, than that words, or clauses of sentences, or even whole paragraphs, may be transposed to any extent, with a view to show the intention of the testator. Pond v. Bergh, 10 Paige, 140. Words and limitations may be transposed, supplied or rejected. But it must appear, either from the words of the will, or extrinsic proof, admissible in aid of the words, that the transposition does really bring out the true intent of the testator, and thus render what was before obscure, clear. 1 Redf. On Wills (4th ed.), p. 432.

See also 74 TEX.JUR.3d *Wills* § 147 (1990); *Neely v. Brogden,* 239 S.W. 192 (Tex.Comm'n App.1922); *Haupt v. Michaelis,* 231 S.W. 706 (Tex.Comm'n App.1921, judgm't adopted); *McCauley v. Alexander,* 543 S.W.2d 699 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *McClure v. Bailey,* 209 S.W.2d 671 (Tex.Civ. App.—Waco 1948, writ ref'd n.r.e.).

It is apparent from the decedent's will and codicil that the purpose of the codicil was to dispose by "SPECIFIC BEQUESTS" of decedent's stock in the two corporations and the "four Subway Sandwich Shop franchises." In the fourth paragraph of the codicil, the will clearly states that the beneficiary is "Shirley J. Moore." If the fifth paragraph dealing with the franchises is transposed and made a part of the fourth paragraph of the codicil, we think it is clear that the will provides that Shirley J. Moore receives the stock in the two corporations and the four franchises as a specific bequest.

■ Furthermore, if the fourth and fifth paragraphs of the codicil create a patent ambiguity as to the beneficiary of the four franchises, then extrinsic evidence from the attorney who drew the will was proper. *Estate of Cohorn,* 622 S.W.2d 486 (Tex.App.—

Eastland 1981, writ ref'd n.r.e.). The statement that the attorney made a "drafting error" and that the "paragraph which described the gift of the four Franchises should have been included in the immediately preceding paragraph" which gave the stock to Moore was admissible. The extrinsic evidence that the "[c]orporations ... contained the operating assets and liabilities of the four Franchises" was proper summary judgment proof. We hold that the admissible extrinsic evidence clearly shows that Moore was the intended named beneficiary of the stock and the franchises.

 We have not considered the statement in the attorney's affidavit that the decedent "advised" the attorney that the sole purpose of the codicil was to give Moore all of the decedent's ownership in the corporations and the franchises. This would be an inadmissible direct declaration of the decedent's intent because this is not a case of an ambiguity in the nature of an "equivocation." See 4 BOWE–PARKER, PAGE ON WILLS § 32.9 (rev.1961); 10 LEOPOLD AND BEYER, TEXAS LAW OF WILLS § 47.2, n. 13 (Texas Practice 1992); *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex.1971).

We disagree with the contention of Skinner and Kane that, as a matter of law, the unambiguous terms of the will and codicil entitle them, as the residual beneficiaries, to all of the decedent's interest in the franchises. The cases cited by Skinner and Kane are distinguishable. The cited cases involve wills where no attempt was made in the will to dispose of the property in question. Here, the decedent executed a codicil, and the codicil stated expressly that the decedent was giving by specific bequest all of his rights, title, and interest in the four franchises.

The trial court did not err in granting the motion for summary judgment of Moore and in denying the motion for summary judgment filed by Skinner and Kane. The first and second points of error are overruled.

We overrule Moore's cross-point urging that the trial court erred in failing to award her attorney's fees under TEX.PROB.CODE ANN. § 243 (Vernon Supp.1997) or the Texas Declaratory Judgment Act, TEX.CIV. PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1986 & Supp.1997). Both code provisions provide that the trial court "may" award attorney's fees. The trial court had discretion to grant or deny attorney's fees in this case. Moore has failed to show that the trial court abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454 (Tex.1985); *Maris v. McCraw*, 902 S.W.2d 191 (Tex. App.—Eastland 1995, writ den'd). The cross-point is overruled.

The judgment of the trial court is affirmed.