Criminal Case Template












COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



COMMISSIONERS COURT OF
DALLAS COUNTY,


 Appellant,


v.


EDWINA BUSTER,


 Appellee.

§


§


§


§


§

No. 08-02-00048-CV


Appeal from the


160th Judicial District Court


of Dallas County, Texas


(TC# DV00-04531-H)

 

MEMORANDUM OPINION


 Dallas County Commissioners Court appeals from the judgment in the trial court that
Edwina Buster, the Appellee, recover her full salary of $65,486.83 from the date of her
termination from the Dallas County Sheriff's Department until the end of the sheriff's term
on December 31, 2000, as well as attorney's fees of $21,807.11. Dallas County
Commissioners Court presents three issues: (1) John Weddle violated the Tex.
Disciplinary R. Prof'l Conduct 1.10(a) by representing Appellee, a private client, without
its consent, in connection with a matter in which he participated personally and substantially
as a public officer or employee; (2) John Weddle violated the conflict of interest provisions
of the Tex. Disciplinary R. Prof'l Conduct 1.09(a)(3) by representing Appellee in a
matter adverse to it, his former client; and (3) there is no evidence or insufficient evidence
to support the trial court's award of attorney's fees since the Appellee never proved the
reasonableness or necessity of those fees.

 Commissioners Court asserts in the first two issues that Appellee's attorney, John
Weddle, was violating Rules 1.10(a) and 1.09(a)(3) of the Texas Disciplinary Rules of
Professional Conduct. It is undisputed that John Weddle, Appellee's attorney, had
participated actively in Appellee's case while an Assistant District Attorney for Dallas
County and that Commissioners Court had not consented to his representing her in this
litigation. While Commissioners Court does not specifically urge any error on the part of the
trial court with respect to these matters, we interpret the first two issues as contending that
the trial court erred in overruling its motion to disqualify John Weddle.

 Despite the fact that John Weddle had represented Appellee in this matter since she
first filed a formal grievance with the Sheriff's Civil Service Department on March 27, 1998,
Commissioners Court's motion to disqualify John Weddle was filed less than 30 days prior
to trial, on July 10, 2001. A party who fails to file its motion to disqualify opposing counsel
in a timely manner waives the complaint. See Turner v. Turner, 385 S.W.2d 230, 236 (Tex.
1964) (overruled on other grounds in Bounds v. Caudle, 560 S.W.2d 925 (Tex. 1977)). We
hold the trial court could reasonably have determined that Commissioners Court did not file
its motion to disqualify in a timely manner and therefore did not abuse its discretion in
overruling Commissioners Court's motion to disqualify John Weddle. 

 At oral submission, Commissioners Court urged that it did not become aware of a
document putting it on notice of the problem until shortly before it filed its motion to
disqualify. We find nothing in the record to support its assertion or to show that the matter
was presented to the trial court in connection with the motion to disqualify. We overrule
issues number one and two.

Commissioners Court contends in issue number three that there is no evidence or
factually insufficient evidence to support the trial court's award of attorney's fees because
Appellee never proved the reasonableness or necessity of those fees. 

In determining a "no-evidence" issue, we are to consider only the evidence and
inferences that tend to support the finding and disregard all evidence and inferences that tend
to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001); Cont'l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); In re King's Estate, 244 S.W.2d 660, 661
(Tex. 1952). Anything more than a scintilla of evidence is legally sufficient to support the
finding. Cazarez, 937 S.W.2d at 450; Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).

 A "no-evidence" issue may only be sustained when the record discloses one of the
following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or in evidence from giving weight to the only evidence offered to prove a vital fact;
(3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or
(4) the evidence establishes conclusively the opposite of a vital fact. Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). There is some evidence when the proof
supplies a reasonable basis on which reasonable minds may reach different conclusions about
the existence of the vital fact. Orozco v. Sander, 824 S.W.2d 555, 556 (Tex. 1992). 

 An assertion that the evidence is "insufficient" to support a fact finding means that
the evidence supporting the finding is so weak or the evidence to the contrary is so
overwhelming that the answer should be set aside and a new trial ordered. Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965). We are required to consider all of the evidence in the case
in making this determination. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.
1998). 

 Appellee testified that she incurred attorney's fees in bringing her suit. She indicated
that she agreed to a contingent fee that would be in the amount of $21,807.11 if the judge
awarded her $65,486.83. She requested the court to award her these attorney's fees. She
stated that her attorney was due that amount based on his hard work. She acknowledged that
she is not and has never been an attorney or worked with an attorney billing people with
respect to cases like her own. Evidence of the contingent fee, taken by itself, does not
constitute sufficient evidence to support an award of attorney's fees in a D.T.P.A. case. See
Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818-19 (Tex. 1997). We
see no reason why that rule would be any different in a declaratory judgment case. However,
in this case, where the issue was tried before the court, the trial court may take judicial notice
with respect to the reasonableness and necessity of Appellee's attorney's fees. See Purvis
Oil Corp. v. Hillin, 890 S.W.2d 931, 939 (Tex. App.--El Paso 1994, no writ); Armstrong v.
Steppes Apts. Ltd., 57 S.W.3d 37, 50 (Tex. App.--Fort Worth 2001), cert. denied, 536 U.S.
951, 122 S.Ct. 2645, 153 L.Ed.2d 823 (2002). We hold that the evidence is sufficient to
support the trial court's award of attorney's fees. 

 Commissioners Court primarily relies upon the case of Geochem Tech. Corp. v.
Verseckes, 929 S.W.2d 85, 92-93 (Tex. App.--Eastland 1996), reversed on other grounds,
962 S.W.2d 541 (Tex. 1998), which holds that the trial court cannot take judicial notice as
to the reasonableness and necessity of attorney's fees in declaratory judgment actions. We
respectfully choose to follow the established precedent of this Court to the contrary. We
overrule issue number three. 

 The judgment is affirmed.

November 25, 2003


 
 JOHN HILL, Chief Justice (Ret.)


Before Panel No. 5

Hill, C.J. (Ret.), McClure, and Chew, JJ.