Les FLEMING, Appellant,

v.

James H. CAMPBELL et al., Appellees.

No. 1372.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 5, 1976.

Rehearing Denied May 26, 1976.

Les Fleming, Houston, for appellant.

Michol O'Connor, Kronzer, Abraham & Watkins, Houston, for appellees Robert Ballard and Kronzer, Abraham & Watkins.

James H. Campbell, Houston, for appellee Campbell.

COULSON, Justice.

This is a summary judgment case on an alleged oral contract. Les Fleming, an attorney, sued attorneys James H. Campbell, Robert Ballard, and the law firm of Kronzer, Abraham & Watkins to recover one-half of the attorney's fees paid in a case that was settled for $127,500. Fleming alleged that George Murphy, the claimant in the settled suit, was his client and that he had referred Murphy's case to Campbell, who orally agreed to pay Fleming a referral fee of one-half of the attorney's fees in the case. The trial court granted a summary judgment that Fleming take nothing. We affirm.

Fleming sent Murphy to Campbell in order that Campbell might assess Murphy's cause of action. Fleming alleged that Campbell told him after consulting with Murphy that he, Fleming, would receive a referral fee of one-half of the attorney's fees paid in Murphy's case. Later, Campbell referred Murphy to Ballard, an attorney with the law firm of Kronzer, Abraham & Watkins. Campbell and Ballard agreed to split the attorney's fees in Murphy's case. Fleming claimed that Ballard knew of the alleged referral fee contract between himself and Campbell.

Murphy's case was settled. One-half of the attorney's fees in the case were paid to Campbell, the other half going to Ballard and the law firm of Kronzer, Abraham and Watkins. It is undisputed that Fleming obtained a promise, if any, from Campbell after he had sent Murphy to Campbell and after an attorney-client relationship was created between Murphy and Campbell. Furthermore, Fleming admitted that Murphy was unaware of the fee arrangement he claimed existed between himself and Campbell.

Disciplinary Rule 2–107 of the State Bar Rules provides:

(A) A lawyer shall not divide a fee for legal services with another lawyer who is not a partner in or associate of his law firm or law office, unless:

(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made. . . .

State Bar of Texas, Rules and Code of Professional Responsibility, DR 2–107(1973) (located immediately following Tex.Rev. Civ.Stat.Ann. art. 320a–1 (1973) ). We hold that the referral fee contract claimed by Fleming is as a matter of law against the public policy expressed in Disciplinary Rule 2–107 that no attorney's fees shall be divided unless the client's consent is obtained after full disclosure. Fleming's claimed referral fee contract being violative of our public policy is void and unenforceable. *Lewis v. Davis,* 145 Tex. 468, 199 S.W.2d 146 (1947).

Furthermore, Fleming's claimed contract cannot stand as a matter of law because a past or previously rendered con-

sideration which imposed no legal obligation at the time it was furnished will not support a subsequent promise to confer a benefit. 13 Tex.Jur.2d *Contracts* § 65 (1960). Here, Fleming admitted that the consideration of sending Murphy to Campbell occurred prior to Campbell's promise of a referral fee. This past consideration imposed no legal obligation to support Campbell's subsequent promise to pay Fleming one-half of the attorney's fees in the case.

 Ballard and the law firm of Kronzer, Abraham & Watkins were under no duty to pay Fleming any fee. Their mere knowledge of Campbell's promise to pay Fleming one-half of the attorney's fees in Murphy's case was in no way binding upon them.

Affirmed.

BROWN, C. J., not participating.