Charles O. **SHIELDS, Individually and as Independent Executor of the Estate of Fletcher G. Lippitt, Jr., Appellant,**

v.

**TEXAS SCOTTISH RITE HOSPITAL FOR CRIPPLED CHILDREN d/b/a Texas Scottish Rite Hospital for Children, Appellee.**

No. 11–97–00383–CV.

Court of Appeals of Texas, Eastland.

Jan. 27, 2000.

Rehearing Overruled March 9, 2000.

Katherine Grossman, Beth D. Bradley, David M. Taylor, Rider Scott, David F. Eriksen, Alison H. Moore, Thompson Coe Cousins & Irons, James D. Shields, Katherine Disorbo, Shields Britton & Fraser, Dallas, for appellant.

Charles A. Gall, Thomas Cantrill, Timothy J. Goodwin, Jenkens & Gilchrist, Dal-

---

las, Robert J. Glasgow, Glasgow & Taylor, Stephenville, Ross W. Stoddard, III, Irving, for appellee.

Panel consists of: ARNOT, C.J., and McCLOUD, S.J.,* and DICKENSON, S.J.**

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

This is a will construction case. The trial court granted a motion for summary judgment filed by Texas Scottish Rite Hospital for Crippled Children d/b/a Texas Scottish Rite Hospital for Children (Scottish Rite) and denied a motion for summary judgment filed by Charles O. Shields, Independent Executor of the Estate of Fletcher G. Lippitt, Jr. (Shields).[1] Shields appeals. We affirm.

The controversy involves the will of Fletcher G. Lippitt, Jr. The will was signed by Lippitt on June 6, 1995. Lippitt died on March 27, 1996.

Lippitt's will provides in part:

## ITEM IV.

### DISTRIBUTION OF ESTATE

A. I GIVE, DEVISE AND BEQUEATH to CHARLES O. SHIELDS, all of my personal properties including automobiles, books, personal effects, video tapes, furniture, fixtures and furnishings of every kind and character. In the event Charles O. Shields should predecease me or fail to survive me by thirty (30) days, the devise stated herein shall fail.

B. In memory of my daughter LESLIE ANNE CLARK, I GIVE, DEVISE AND BEQUEATH, all the rest and residue of my estate, real, personal and mixed and the property included in my residuary estate, subject to the above bequest, wheresoever situated, including all right, title or interest which I have in the Estate of Dora E. Lippitt, Deceased, to the Scottish Rite Hospital for Crippled Children in Dallas.

Scottish Rite urged in its motion for summary judgment that it was entitled to the stocks, bonds, cash, and bank accounts owned by Lippitt at the time of his death. Shields contended that he was entitled to all personal property under the will. The stocks, bonds, cash, and bank accounts were valued in the inventory and appraisement of the Lippitt Estate at $2,029,-544.72.[2] The "miscellaneous property" listed in the inventory and appraisement, such as automobiles, books, videotapes, personal effects, and household furniture and furnishings, was valued at $44,900.00. Scottish Rite did not claim in its motion for summary judgment that it was entitled under the will to these tangible personal properties. Therefore, these properties are not in issue in the appeal.

Shields, an attorney licensed to practice law in Texas, was Lippitt's attorney; and Shields drafted the will signed by Lippitt on June 6, 1995. Shields and Lippitt were very close friends. Shields was aware that the Texas Disciplinary Rules of Professional Conduct[3] prohibited a lawyer from drafting a will naming the lawyer as a

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

** Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Charles O. Shields, Individually, did not file a motion for summary judgment. On appeal, Charles O. Shields, Individually, adopted the briefs filed on behalf of Charles O. Shields, Independent Executor.

2. Scottish Rite also received real property under Lippitt's will valued at $2,304,711.95. The disposition of the real property is not an issue in this case.

3. TEX. DISCIPLINARY R. PROF'L CONDUCT reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998).

beneficiary unless the client is related to the beneficiary. Lippitt was not related to Shields. By affidavit, Shields explained his reasons for drafting the will. The trial court struck portions of Shield's affidavit pursuant to the "Dead Man's Rule," TEX. R.CIV.EVID. 601(b) and because parol evidence of certain statements made by Lippitt to Shields were not admissible. See *Kelley v. Marlin*, 714 S.W.2d 303 (Tex. 1986); *Stewart v. Selder*, 473 S.W.2d 3 (Tex.1971); *Skinner v. Moore*, 940 S.W.2d 755 (Tex.App.—Eastland 1997, no writ). Shields challenges in this appeal the striking by the trial court of numerous statements contained in affidavits filed as summary judgment proof. We will not reach this contention.

When Shields prepared the will for Lippitt, TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08(b) provided:

> A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as a parent, child, sibling, or spouse *any substantial gift* from a client, including a testamentary gift, except where the client is related to the donee. (Emphasis added)

To permit Shields to receive over $2,000,-000.00 in stocks, bonds, cash, and bank accounts would enable Shields to benefit from conduct that is expressly prohibited under the disciplinary rules and contrary to public policy. The court in *Polland & Cook v. Lehmann*, 832 S.W.2d 729, 736 (Tex.App.—Houston [1st Dist.] 1992, writ den'd), recognized that the preamble to the Texas Disciplinary Rules of Professional Conduct states th the rules do not define standards of civil liability of lawyers for professional conduct and that a violation of a rule does not give rise to a private cause of action. However, the court held:

> Polland initially maintains that the disciplinary rules were adopted to govern professional conduct and not to provide a private cause of action or a defense. Our review of applicable case law shows that a court may use the disciplinary rules to determine whether a con-

tract is contrary to public policy. *Lemond v. Jamail*, 763 S.W.2d 910, 914 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Kuhn, Collins & Rash v. Reynolds*, 614 S.W.2d 854 (Tex.Civ. App.—Texarkana 1981, writ ref'd n.r.e.); *Fleming v. Campbell*, 537 S.W.2d 118, 119 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). If the contract has not been performed in accordance with requisites set forth in the disciplinary rules, performance may be excused as against public policy. (Footnote omitted)

The court in *Whiteside v. Griffis & Griffis, P.C.*, 902 S.W.2d 739 (Tex.App.—Austin 1995, writ den'd), recognized that the disciplinary rules are quasi-statutory and that the rules evidence the public policy of this State. Texas courts have consistently used attorney disciplinary rules to determine public policy. See *Bond v. Crill*, 906 S.W.2d 103 (Tex.App.—Dallas 1995, no writ); *Stern v. Wonzer*, 846 S.W.2d 939 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Plumlee v. Paddock*, 832 S.W.2d 757 (Tex.App.—Fort Worth 1992, writ den'd ); *Lemond v. Jamail*, 763 S.W.2d 910 (Tex. App.—Houston [1st Dist.]1988, writ den'd); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Fleming v. Campbell*, 537 S.W.2d 118 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

TEX. PROB. CODE ANN. § 58b (Vernon Supp.2000) was added in 1997 to provide that a devise or bequest of property in a will to an attorney who prepared the will is void unless the attorney is related to the testator. This section of the Probate Code does not apply to the Lippitt will because Section 58b applies only to wills executed on or after September 1, 1997. Rule 1.08(b) of the Disciplinary Rules provides that a lawyer shall not prepare an instrument giving the lawyer a "substantial gift." Section 58b invalidates any devise or bequest in a will to the attorney who drafts the will, without regard to whether the gift is "substantial."

We hold that the gift of over $2,000,000.00 in stocks, bonds, cash, and bank accounts constitutes, as a matter of law, a substantial gift to Shields. Such gift fails as a matter of public policy, and Scottish Rite takes such intangible personal property under the residuary clause of the will.

Shields cites *Trevino v. Turcotte*, 564 S.W.2d 682 (Tex.1978), and argues that Scottish Rite is estopped from asserting any interest in the personal property because Scottish Rite accepted the real property under the will. See also *Miller v. Miller*, 149 Tex. 543, 235 S.W.2d 624 (1951); *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935); and 10 LEOPOLD & BEYER, TEXAS PRACTICE: TEXAS LAW OF WILLS ch. 48 (2nd ed.1992). The equitable election doctrine urged by Shields is not applicable in this will construction case. Moreover, such equitable doctrine should not validate a gift that violates public policy. See *Stewart v. RepublicBank, Dallas, N.A.*, 698 S.W.2d 786 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.); *Barrows v. Ezer*, 668 S.W.2d 854 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); 10 LEOPOLD & BEYER, TEXAS PRACTICE: TEXAS LAW OF WILLS § 51.17 (2nd ed.1992).

We have affirmed the trial court's summary judgment because the gift to Shields violates public policy; therefore, it is unnecessary for us to discuss Scottish Rite's additional theory that the will should be construed to award the intangible personal property in question to Scottish Rite under the ejusdem generis rule. See *Carr v. Rogers*, 383 S.W.2d 383 (Tex.1964); *Erwin v. Steele*, 228 S.W.2d 882 (Tex.Civ.App.—Dallas 1950, writ ref'd n.r.e.). Scottish Rite maintains that the ejusdem generis rule is applicable because only specific tangible personal "properties" are listed in the will and because none of the intangible properties in question, valued at over $2,000,000.00, are specifically listed.

The judgment of the trial court is affirmed.