NO. 07-00-0447-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 24, 2001

______________________________

ALEXANDER OIL COMPANY, APPELLANT

V.

FAWNWOOD MART, INC. AND PAUL JANECEK, APPELLEES

_________________________________

FROM THE CIVIL COUNTY COURT AT LAW OF WASHINGTON COUNTY;

NO. 99-85; HONORABLE MATTHEW REUE, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In this proceeding, appellant Alexander Oil Company appeals from a take-nothing summary judgment granted in favor of appellees Fawnwood Mart, Inc. (Fawnwood) and Paul Janecek in a breach of contract suit brought by appellant.  In its sole issue, appellant claims error on the part of the trial court in awarding it summary judgment on the basis that the sales agreement between the parties for the purchase of gasoline and/or diesel fuel was not supported by consideration and that it was not an exclusive purchase contract.  Appellant does not question the summary judgment in favor of Paul Janecek, and we  therefore do not address that portion of the judgment.  Finding no reversible error, we affirm the judgment of the trial court.

Appellant is a distributor of motor fuel.  On April 21, 1998, appellant and Fawnwood, a convenience store which sells motor fuel, executed a document entitled “SALES AGREEMENT.”  That document reads as follows:

This sales agreement is entered into this 23
rd
 day [,] April 1998, for the benefit of the below-signed parties.  This agreement is binding on all successors and assignees of the below-signed parties as it pertains to the selling of gasoline and/or diesel fuel at the convience [sic] store presently named “Fawnwood Mart” (picture attached) [.]  The address of subject location is 31102 Terri Lane, Magnolia, Texas, 77355.

The term of this agreement is for five (5) years.  The beginning date shall be the first day of the month Following [sic] the completion of the gasoline fueling installation by White Construction and the erection of the canopy by National Canopy Co. should a canopy be installed.

Both parties agree that the reason for such agreement is to “reward” Alexander Oil and their representative D. M. Trigg for securing the necessary financing for this project.  It is also the intention of both parties to review the sales volume of this unit every six-(6) months to determine if “Fawnwood”would meet the branding requirements of the brands, which Alexander Oil Co. has to offer, and one, which the Janecek’s [sic] have selected.

All products will be sold in full transport loads (9200 gallons) and will be paid by Fawnwood by EFT or check at the option of Alexander Oil Co.  In the event Fawnwood should become a Branded location, the Janecek’s [sic] will enter into a new contract with Alexander Oil Co. for the term to be required by the selected Brand.  

A pricing provision was also handwritten into the body of the document.  Fawnwood made purchases under the agreement for approximately six months and then terminated the contract.  

Fawnwood’s motion for summary judgment was granted on the basis that the sales agreement was based on past consideration and that it was not exclusive.  The court particularly found that there was “no language stating that the ‘Sales Agreement’ excludes the defendant from purchasing gasoline or diesel from any other supplier, or that it would purchase ‘all’ of its gasoline and diesel from plaintiff.”  The trial court further found that the agreement “is not ambiguous and presents no fact issue or determination by the trier of fact.  This court cannot be expected to go outside the written agreement prepared by the plaintiff to make it an exclusive contract when there is no language to that effect.”  

In reviewing a summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  
Nixon v. Mr. Property Management Co.,
 690 S.W.2d 546, 548-49 (Tex. 1985).  In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.  
Id.  
In order for a defendant to be entitled to summary judgment, it must disprove as a matter of law one of the essential elements of each of the plaintiff’s causes of action, 
Lear Siegler, Inc. v. Perez, 
819 S.W.2d 470, 471 (Tex. 1991), or establish one or more defenses as a matter of law.  
Randall’s Food Markets, Inc. v. Johnson, 
891 S.W.2d 640, 644 (Tex. 1995).  When the movant has established the right to summary judgment, the non-movant has the burden to respond and present to the trial court issues that would preclude summary judgment.  
City of Houston v. Clear Creek Basin Authority
, 589 S.W.2d 671, 678 (Tex. 1979).  

Appellant contends that Fawnwood failed to prove its affirmative defense that the agreement was unsupported by consideration.  In its summary judgment motion, Fawnwood argued that because the agreement called for the purchase of motor fuel in exchange for appellant helping to secure financing for the installation of improvements and the arrangement for financing was accomplished before the execution of the contract, the consideration provided by appellant was a past consideration which could not form the basis of the contract.  Appellant counters with the presumption that a signed, written contract is supported by consideration and that the parties had an agreement that in exchange for appellant securing financing for the installation of motor fuel 
tanks, pumps and dispensers, Fawnwood would enter into an agreement to buy motor fuel.  Appellant further contends that even if there was no prior oral agreement between the parties, the written agreement is complete in its terms in that appellant will sell motor fuel and Fawnwood will purchase motor fuel.  

We agree with the premise that a written contract carries a presumption that consideration was given for the contract’s execution.  
Nolana Development Ass’n v. Corsi, 
682 S.W.2d 246, 250 (Tex. 1984); 
Gooch v. American Sling Co. Inc.
, 902 S.W.2d 181, 185 (Tex.App.--Fort Worth 1995, no writ); 
Tag Resources, Inc. v. Petroleum Well Services, Inc.
, 791 S.W.2d 600, 605 (Tex.App.--Beaumont 1990, no writ).  However, Fawnwood attached the deposition testimony of Dennis Trigg to its motion for summary judgment.  Trigg, an employee of appellant, testified that the agreement was signed after the work had been done to secure financing and appellant has not contradicted this evidence.  Therefore, at the time that the contract was entered into by the parties, the financing assistance was completed and, being past consideration, could not serve as consideration for any current promise to purchase motor fuel.  
 
Fleming v. Campbell
, 537 S.W.2d 118, 119-20 (Tex.Civ App.--Houston [14
th
 Dist.] 1976, writ ref’d n.r.e); 
see also Roark v. Stallworth Oil and Gas, Inc., 
813 S.W.2d 492, 496 (Tex. 1991).

Appellant argues that it raised a fact issue by the deposition testimony of Trigg attached to its motion for new trial “that Alexander undertook the task of securing financing for the installation of motor fuel tanks, pumps and dispensers at Fawnwood Mart’s premises and it was agreed that Fawnwood would enter into a contract to buy motor fuel.”  Even assuming arguendo that this statement is true, and that such an agreement is enforceable, it is undisputed that Fawnwood did sign an agreement and did purchase some motor fuel from Alexander for which Fawnwood paid.  The specific terms of that agreement as to the obligations of the parties are set forth in the written contract which the trial court found to be unambiguous.  This “fact issue” is therefore not a material one.

Appellant also complains that late-filed summary judgment evidence submitted by Fawnwood should not have been considered by the court and therefore there was no summary judgment evidence rebutting the presumption that consideration was present.  Appellant asserts that two days before the hearing on appellees’ motion for summary judgment, appellees filed a portion of the deposition of Paul Janecek “that set out to prove that when Alexander Oil’s Dennis Trigg agreed to secure financing for Fawnwood’s motor fuel facility improvements, there was no mention that Mr. Trigg was doing so in return for obtaining a contract to sell motor fuel to Fawnwood.”  

The record does not reveal when the hearing on the motion for summary judgment took place.  However, the deposition testimony was filed on May 23, 2000, and the court sent the parties a letter dated June 7, 2000, announcing its ruling on the motion.  The record also does not contain any objection to the late-filed evidence or any ruling by the court on such an objection.  Nevertheless, even without this deposition testimony, the agreement itself and the deposition testimony of Trigg that the financing assistance was complete at the time of execution of the contract are sufficient to support the trial court’s conclusion that the agreement to secure financing was based on past consideration. 

Appellant further contends that the agreement is binding because it agreed to sell motor fuel to Fawnwood and Fawnwood agreed to purchase motor fuel from appellant under a “requirements contract.”  A “requirements contract” is one that, although it does not establish the amount that the buyer must purchase from the seller, prohibits the buyer from purchasing from other sellers.  
Merritt-Campbell, Inc. v. RxP Products, Inc., 
164 F.3d 957, 963 (5
th
 Cir. 1999); 
see also 
Tex. Bus. & Com. Code Ann. § 2.306 (Vernon 1994).  The essential element is the promise of the buyer to purchase exclusively from the seller either the buyer’s entire requirements or up to a specified amount. Without that promise, the contract fails for lack of consideration.  
Merritt-Campbell
, 164 F.3d at 963.  

Appellant relies on the following provision to establish requirements of contract:

This agreement is binding on all successors and assignees of the below-signed parties as it pertains to the selling of gasoline and/or diesel fuel at the convience [sic] presently named “Fawnwood Mart” (picture added)[.]  The address of subject location is 31102 Terri Lane, Magnolia, Texas, 77355.

However, this provision relates to the assignability of the agreement, not to the quantity of goods to be purchased.  Even if it could be assumed that this provision was in some way intended to specify the quantity of motor fuel to be purchased, nowhere does it state or even imply that all of the motor fuel needs of Fawnwood must be purchased from appellant.   

Appellant also relies on 
Pace Corporation v. Jackson, 
155 Tex. 179, 284 S.W.2d 340 (1955) to support its argument that the subject contract is a requirements contract.  In that case, Pace Corporation agreed to supply Jackson “for any business he may become interested in . . . with cigarettes on a cash basis, at cost, for a period not to exceed two years . . . .”  
Id.
 at 343.  The court did find that the failure to provide for a contract quantity did not render the contract too indefinite because the agreement to supply was a “requirements contract.”  
Id.
 at 345.  However, the court also found that Jackson had not agreed to take his business requirements from the Pace Corporation and the effect of the contract was that Jackson had an option to take some or all of its requirements.  
Id.  
Appellant has not asserted that any option is involved in the case at bar but in contrast has asserted that Fawnwood committed to purchase all of its requirements from appellant.  There is no such provision in the contract and we are bound by the terms of the contract.

Appellant further relies upon 
Cox, Inc. v. Humble Oil Refining Co., 
16 S.W.2d 285 (Tex. Comm’n App. 1929, judgm’t adopted) and 
Portland Gasoline Co. v. Superior Marketing Company
, 150 Tex. 533, 243 S.W.2d 823 (1951), 
overruled by Northern Nat. Gas Co. v. Conoco, Inc.
, 986 S.W.2d 603 (Tex. 1998).  However, in each of those cases, the contract terms required the purchase of 
all
 gasoline to be used in operating a filling station or the delivery of 
all
 product produced at a certain plant.  Neither case is relevant to the particular facts before us.

Because Fawnwood purchased motor fuel from appellant for approximately six months, appellant additionally argues that these sales established a course of dealing between the parties which may be used to determine the meaning of the agreement and, even if the agreement itself does not use the word “exclusive,” a fact question exists which then permits the consideration of parol or extrinsic evidence to explain the meaning of the agreement.  Section 2.202 of the Texas Business and Commerce Code does provide that a writing intended by the parties as a final expression of their agreement may not be contradicted by evidence of prior or contemporaneous agreements but may be explained or supplemented by course of dealing or usage of trade or by a course of performance.  Tex. Bus. & Com. Code Ann. § 2.202 (Vernon 1994).  A course of dealing is a “sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.”  Tex. Bus. & Com. Code Ann. §1.205(a) (Vernon 1994).  Where a contract involves repeated occasions for performance by a party with knowledge of the nature of performance and opportunity for objection, any course of performance accepted without objection is relevant to a determination of the meaning of the agreement.  Tex. Bus. & Com. Code Ann. § 2.208(a) (Vernon 1994). 

However, here, even if Fawnwood purchased all of its requirements for motor fuel from appellant for six months, that is not sufficient to establish that Fawnwood was legally obligated to do so.  That conduct would also be consistent with a contract in which  Fawnwood had the option to purchase some, none, or all of its requirements from appellant and it obligated itself to pay a certain price for whatever purchases, if any, that it made.  That being so, there is no course of dealing or performance between the parties sufficient to either supplement or explain the contract.  

Moreover, parol evidence may only be considered when a contract is first determined to be ambiguous,  
Donzis v. McLaughlin
, 981 S.W.2d 58, 61-62 (Tex.App.--San Antonio 1998, no pet.), and while it may be used to explain or clarify a written agreement, it may not be used to supply an essential term.  
Texas Builders v. Keller, 
928 S.W.2d 479, 481 (Tex. 1996).  In this case, the trial court explicitly found that the contract was not ambiguous in that it did not contain any obligation of exclusivity.  We have also examined the contract and find neither an express or implied obligation of exclusivity.  It is not enough to say that an implied covenant is necessary to make the contract fair, or that without it, the contract would be improvident or unwise.  
Danciger Oil & Refining Co. of Texas v. Powell,
 137 Tex. 484, 154 S.W.2d 632, 635 (Tex. 1941).  We cannot now rewrite the contract for the parties to provide for a term that was clearly not included.  
See Borders v. KRLB, Inc., 
727 S.W.2d 357, 359 (Tex.App.--Amarillo 1987, writ ref’d n.r.e.); 
Dempsey v. King, 
662 S.W.2d 725, 728 (Tex App.--Austin 1983, writ dism’d); 
Guzman v. Acuna
, 653 S.W.2d 315, 319 (Tex.App.--San Antonio 1983, writ dism’d).  

Because we find no reversible error, we overrule appellant’s issue and affirm the judgment of the trial court.
(footnote: 1)

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Justice Quinn concurs in that portion of the opinion wherein the majority concludes that the contract did not obligate Fawnwood Mart, Inc. to buy product exclusively from Alexander Oil Company.