NUMBER 13-01-298-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



                          IN THE MATTER OF THE
ESTATE OF 

                           MARY
LEE HAMILTON, DECEASED



 

 



                             On appeal from the County
Court

                                 of Wharton County,
Texas.

 

 



                                   O P I N I O N

 

                    Before Justices Dorsey, Yañez, and
Rodriguez

                                  Opinion by Justice Dorsey

 








The
issue in this case is whether bequests in a will leaving property to
step-grandchildren are void when the will was prepared by the children=s father, an attorney.  The issue turns on whether Rule 1.08(b) of
the Texas disciplinary rules of professional conduct was violated, which, in
turn, is determined by the relationship between the testatrix and the
beneficiary children.   We hold the rule
of professional conduct was not violated, because the  attorney=s children, as step-grandchildren
of the testatrix, are Arelated to@ the testator as that term is
envisaged by the disciplinary rules. 

          Mary
Lee Hamilton, decedent, left a Last Will and Testament that contained bequests
to Caroline Adair Hamilton, Vance Matthew Hamilton, Marc Thomas Hamilton, and
Vaughn Hamilton.  They were the children
of her husband=s child, Anthony Hamilton, but bore
no blood relationship to her.  Anthony
Hamilton, a licensed attorney, drafted the will.  The children of the testatrix sued for
declaratory judgment seeking a ruling that the bequests to Anthony=s children be held void because he
violated Texas Disciplinary Rules of Professional Conduct section 1.08(b) by
including in the will bequests to his own children.  See Tex.
Disciplinary R. Prof=l Conduct ' 1.08(b) (1991), reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit.
G app. A (Vernon 1998).  Mary Lee
Hamilton=s children moved for and received a
traditional summary judgment on grounds the bequests violated rule 1.08(b) and
were accordingly void.  We reverse the
judgment and hold that the bequests did not violate disciplinary rule 1.08(b)
because the term Arelated to@ in that rule includes the
relationship of step-grandchildren.








We
review the trial court=s grant of summary judgment by
applying the same standards the trial court should have used.  See Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985).  That is, we
review the summary judgment record to determine whether the movant met his or
her burden to show that there is no genuine issue of material fact and that he
or she is entitled to judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c).  In making
such a determination, all evidence favorable to the non-movant will be taken as
true, every reasonable inference should be indulged in favor of the non-movant
and any doubts resolved in favor of the non-movant.  Nixon, 690 S.W.2d at 548‑49.

Rule
1.08(b) states:

A lawyer shall not prepare an
instrument giving the lawyer or a person related to the lawyer as a parent,
child, sibling, or spouse any substantial gift from a client, including a
testamentary gift, except where the client is related to the donee.

 

Tex. Disciplinary R. Prof=l Conduct ' 1.08(b) (1991), reprinted in Tex. Gov=t Code
Ann., tit. 2, subtit.
G app. A (Vernon 1998) (emphasis added). 
Thus, the bequests to Anthony=s children included in Mary Lee=s will ran afoul of this rule
unless the children are considered to be Arelated to@ Mary Lee within the rule=s construction of that phrase.  If a bequest runs afoul of the disciplinary
rule, it may be considered void as violative of public policy. See Shields
v. Tex. Scottish Rite Hosp. for Crippled Children, 11 S.W.3d 457, 459B60 (Tex. App.CEastland 2000, pet denied) (noting
that the disciplinary rules evidence the public policy of this State).








Mary
Lee Hamilton=s will was executed in 1995.  At that time, there was no statute in effect
that would have voided a bequest that ran afoul of disciplinary rule
1.08(b).  The question of whether Mary
Lee Hamilton=s step-grandchildren were Arelated to@ her as used in disciplinary rule
1.08(b) appears to be one of first impression. 
We have located no cases construing the meaning of Arelated to@ in rule 1.08(b), nor do the rules
define that phrase elsewhere.  Likewise,
the commentary accompanying rule 1.08(b) offers little guidance in interpreting
how the term Arelated to@ is to be construed.  The commentaries state, generally, that the
rule Adeals with certain transactions
that per se involve unacceptable conflicts of interests,@ and that A[a]s a general principle, all
transactions between client and lawyer should be fair and reasonable to the
client.@ 
Tex. Disciplinary R. Prof=l Conduct '
1.08(b), cmt. 1B2 (1991).  Further, the commentary advises that in
transactions between client and lawyer Aa review by independent counsel on
behalf of the client is often advisable.@ 
Id. at cmt. 2.  Having
found no guidance in the rules regarding how far the term Arelated to@ reaches, we look to the probate
code, as it deals with similar terms and concepts.

In
1997, the Legislature enacted Texas Probate Code section 58b, which is a
parallel statute to disciplinary rule 1.08(b). 
However, since 58b only applies to wills drafted after the effective
date of the statute, it does not govern the outcome of this case.  Rather, we look to it for guidance in
interpreting the parallel disciplinary rule.








Section
58b renders void Aany devise or bequest of property
in a will to . . . an heir . . . of the attorney who prepares or supervises the
preparation of the will . . . .@ 
Acts of 1997, 75th Leg., ch. 1054, ' 1, eff. Sept. 1, 1997.  The statute expressly exempted, though, a
bequest made to a person Arelated within the second degree by
consanguinity or affinity to the testator . . . .@  Id. '
58b(b).  Subsection (b) of section 58b
was amended in 2001, and its current version states that a will making a
bequest to the heirs of the attorney who drafted the will is not void when the
bequest is made to a person who:

(A)
is the testator=s spouse;

(B)
is an ascendant or descendant of the testator; 
or

(C) is related within the third
degree by consanguinity or affinity to the testator.

 

Tex. Prob. Code Ann. ' 58b(b) (Vernon Supp. 2002).  

This
most recent declaration by the legislature guides us in determining how close
the relationship between testator and beneficiary must be in order to avoid
violation of rule 108(b) of the disciplinary rules.  This provision is a statement by the
legislature of the public policy of the State as to the relationship between
testator and beneficiary that will be allowed when the will is prepared by an
attorney related to the beneficiary.   We
hold that if an heir of the attorney who drafted the will is related to the
testator in one of the ways described in probate code section 58b(b), the
bequest does not violate disciplinary rule 1.08(b),  because the heir is Arelated to@ the testator as that phrase is
used in the rule.








The
next question is whether the relationship between the testatrix and the
beneficiaries is within the third degree of affinity or consanguinity.  Although the probate code does not define the
term Aaffinity,@ nor does it provide for the
calculation of its degrees, the government code does.   See Tex.
Gov=t. Code
Ann. ' 573.024 (Vernon Supp. 2002).[1]  Section 573.024 states that Atwo individuals are related to each
other by affinity if: (1) they are married to each other; or (2) the spouse of
one of the individuals is related by consanguinity to the other individual.@ 
Id. ' 573.024(a).  The code states that two individuals are
related by consanguinity if one is a descendant of the other.  Id. '
573.023(a)(1).  At the time Anthony drafted the will for Mary
Lee, Mary Lee was married to Tom, Anthony=s father.  Thus, Anthony=s
children, (Mary Lee=s step-grandchildren) were related
to her by affinity because they were related to her spouse by
consanguinity.  See id. '' 573.023(a)(1), 573.024(a).








The
government code provides the specific method for calculating degrees of
affinity.  See Tex. Gov=t. Code
Ann. ' 573.025 (Vernon 1994).  Section 573.025(b) states that A[a]n individual=s relatives within the third degree
by affinity are A(1) anyone related by consanguinity
to the individual=s spouse in one of the ways named
in Section 573.023(c); and (2) the spouse of anyone related to the individual
by consanguinity in one of the ways named in Section 573.023(c).@ 
Id. ' 573.025(b)(1).  Section 573.023(c) states that an individual=s relatives within the third degree
include grandchildren (which are actually second degree relatives).  Id. '
573.025(c).  Because Mary Lee Hamilton=s step-grandchildren were related
by consanguinity to her spouse, Tom, in Aone of the ways named in Section
573.023(c),@ they were related to Mary Lee
within the third degree by affinity.  Id.
' 573.025(b)(1).  Accordingly, we hold that because the relation
of step-grandchildren to their step-grandmother is a relationship within the
third degree of affinity as described by Texas Probate Code section 58b, we
hold that Mary Lee=s stepson=s drafting of her will did not
violate disciplinary rule 1.08, requiring that bequests made to the drafting
attorney=s heir(s) are not proper unless the
attorney=s heir is also Arelated to@ the testator of the will.

We
reverse the trial court=s judgment declaring the bequests
to Mary Lee Hamilton=s step-grandchildren void, and
render declaratory judgment that those bequests do not violate disciplinary
rule 1.08 and are not void on that basis. 
See Tex. R. App. P.
43.2(c).

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 10th day of October, 2002.











[1]This
chapter of the government code deals with ethical rules pertaining to  prohibitions against nepotism in matters
involving governmental officials.