NUMBER 13-01-298-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



                          IN THE MATTER OF THE
ESTATE OF 

                           MARY
LEE HAMILTON, DECEASED



 

 



                             On appeal from the County
Court

                                 of Wharton County,
Texas.

 



 

                          OPINION ON REHEARING

 

                    Before Justices Dorsey, Yañez, and
Rodriguez

                                  Opinion by Justice Dorsey

 








The issue in this case is whether bequests
in a will leaving property to step-grandchildren are void when the will was
prepared by the children=s father, an attorney.  The issue turns on whether Rule 1.08(b) of
the Texas disciplinary rules of professional conduct was violated, which, in
turn, is determined by the relationship between the testatrix and the
beneficiary children.   We hold the rule
of professional conduct was not violated, because the  attorney=s children, as step-grandchildren of the
testatrix, are Arelated to@ the
testator as that term is envisaged by the disciplinary rules. 

            Mary Lee Hamilton, decedent, left a Last Will and Testament
that contained bequests to Caroline Adair Hamilton, Vance Matthew Hamilton,
Marc Thomas Hamilton, and Vaughn Hamilton. 
They were the children of her husband=s child,
Anthony Hamilton, but bore no blood relationship to her.  Anthony Hamilton, a licensed attorney,
drafted the will.  The children of the
testatrix sued for declaratory judgment seeking a ruling that the bequests to
Anthony=s
children be held void because he violated Texas Disciplinary Rules of
Professional Conduct section 1.08(b) by including in the will bequests to his
own children.  See Tex. Disciplinary R. Prof=l Conduct ' 1.08(b) (1991), reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon
1998).  Mary Lee Hamilton=s
children moved for and received a traditional summary judgment on grounds the
bequests violated rule 1.08(b) and were accordingly void.  We reverse the judgment and hold that the
bequests did not violate disciplinary rule 1.08(b) because the term Arelated
to@ in that
rule includes the relationship of step-grandchildren.








We review the trial court=s grant
of summary judgment by applying the same standards the trial court should have
used.  See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  That
is, we review the summary judgment record to determine whether the movant met
his or her burden to show that there is no genuine issue of material fact and
that he or she is entitled to judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c).  In making
such a determination, all evidence favorable to the non-movant will be taken as
true, every reasonable inference should be indulged in favor of the non-movant
and any doubts resolved in favor of the non-movant.  Nixon, 690 S.W.2d at 548‑49.

Rule 1.08(b) states:

A lawyer
shall not prepare an instrument giving the lawyer or a person related to the
lawyer as a parent, child, sibling, or spouse any substantial gift from a
client, including a testamentary gift, except where the client is related to
the donee.

 

Tex. Disciplinary R. Prof=l Conduct ' 1.08(b) (1991), reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A (Vernon 1998)
(emphasis added).  Thus, the bequests to
Anthony=s
children included in Mary Lee=s will ran afoul of this rule unless the
children are considered to be Arelated to@ Mary
Lee within the rule=s construction of that phrase.  If a bequest runs afoul of the disciplinary
rule, it may be considered void as violative of public policy. See Shields
v. Tex. Scottish Rite Hosp. for Crippled Children, 11 S.W.3d 457, 459B60 (Tex.
App.CEastland
2000, pet denied) (noting that the disciplinary rules evidence the public
policy of this State).








Mary Lee Hamilton=s will
was executed in 1995.  At that time,
there was no statute in effect that would have voided a bequest that ran afoul
of disciplinary rule 1.08(b).  The
question of whether Mary Lee Hamilton=s step-grandchildren were Arelated
to@ her as
used in disciplinary rule 1.08(b) appears to be one of first impression.  We have located no cases construing the
meaning of Arelated
to@ in rule
1.08(b), nor do the rules define that phrase elsewhere.  Likewise, the commentary accompanying rule
1.08(b) offers little guidance in interpreting how the term Arelated
to@ is to
be construed.  The commentaries state,
generally, that the rule Adeals with certain transactions that per
se involve unacceptable conflicts of interests,@ and
that A[a]s a
general principle, all transactions between client and lawyer should be fair
and reasonable to the client.@  Tex. Disciplinary R. Prof=l Conduct ' 1.08(b), cmt. 1B2
(1991).  Further, the commentary advises
that in transactions between client and lawyer Aa review
by independent counsel on behalf of the client is often advisable.@  Id. at cmt. 2.  Having found no guidance in the rules
regarding how far the term Arelated to@
reaches, we look to the probate code, as it deals with similar terms and
concepts.

In 1997, the Legislature enacted Texas
Probate Code section 58b, which is a parallel statute to disciplinary rule 1.08(b).  However, since 58b only applies to wills
drafted after the effective date of the statute, it does not govern the outcome
of this case.  Rather, we look to it for
guidance in interpreting the parallel disciplinary rule.








Section 58b renders void Aany
devise or bequest of property in a will to . . . an heir . . . of the attorney
who prepares or supervises the preparation of the will . . . .@  Acts of 1997, 75th Leg., ch. 1054, ' 1, eff.
Sept. 1, 1997.  The statute expressly
exempted, though, a bequest made to a person Arelated
within the second degree by consanguinity or affinity to the testator . . . .@  Id. '
58b(b).  Subsection (b) of section 58b
was amended in 2001, and its current version states that a will making a
bequest to the heirs of the attorney who drafted the will is not void when the
bequest is made to a person who:

(A) is the testator=s
spouse;

(B) is an ascendant or descendant of the
testator;  or

(C) is
related within the third degree by consanguinity or affinity to the testator.

 

Tex. Prob. Code Ann. ' 58b(b)
(Vernon Supp. 2002).  

This most recent declaration by the
legislature guides us in determining how close the relationship between
testator and beneficiary must be in order to avoid violation of rule 108(b) of
the disciplinary rules.  This provision
is a statement by the legislature of the public policy of the State as to the
relationship between testator and beneficiary that will be allowed when the
will is prepared by an attorney related to the beneficiary.   We hold that if an heir of the attorney who
drafted the will is related to the testator in one of the ways described in
probate code section 58b(b), the bequest does not violate disciplinary rule
1.08(b),  because the heir is Arelated
to@ the
testator as that phrase is used in the rule.








The next question is whether the
relationship between the testatrix and the beneficiaries is within the third
degree of affinity or consanguinity. 
Although the probate code does not define the term Aaffinity,@ nor
does it provide for the calculation of its degrees, the government code
does.   See Tex. Gov=t. Code Ann. ' 573.024 (Vernon Supp. 2002).[1]  Section 573.024 states that Atwo
individuals are related to each other by affinity if: (1) they are married to
each other; or (2) the spouse of one of the individuals is related by
consanguinity to the other individual.@  Id.
'
573.024(a).  The code states that two
individuals are related by consanguinity if one is a descendant of the
other.  Id. ' 573.023(a)(1).  At the time Anthony drafted the will for Mary
Lee, Mary Lee was married to Tom, Anthony=s father. 
Thus, Anthony=s children, (Mary Lee=s
step-grandchildren) were related to her by affinity because they were related
to her spouse by consanguinity.  See
id. ''
573.023(a)(1), 573.024(a).








The government code provides the specific
method for calculating degrees of affinity. 
See Tex. Gov=t. Code Ann. ' 573.025 (Vernon 1994).  Section 573.025(b) states that A[a]n
individual=s
relatives within the third degree by affinity are A(1)
anyone related by consanguinity to the individual=s spouse
in one of the ways named in Section 573.023(c); and (2) the spouse of anyone
related to the individual by consanguinity in one of the ways named in Section
573.023(c).@  Id. '
573.025(b)(1).  Section 573.023(c) states
that an individual=s relatives within the third degree
include grandchildren (which are actually second degree relatives).  Id. '
573.025(c).  Because Mary Lee Hamilton=s
step-grandchildren were related by consanguinity to her spouse, Tom, in Aone of
the ways named in Section 573.023(c),@ they were related to Mary Lee within the
third degree by affinity.  Id. '
573.025(b)(1).  Accordingly, we hold that
because the relation of step-grandchildren to their step-grandmother is a
relationship within the third degree of affinity as described by Texas Probate
Code section 58b, we hold that Mary Lee=s stepson=s
drafting of her will did not violate disciplinary rule 1.08, requiring that
bequests made to the drafting attorney=s heir(s) are not proper unless the
attorney=s heir
is also Arelated
to@ the
testator of the will.

We reverse the trial court=s
judgment declaring the bequests to Mary Lee Hamilton=s
step-grandchildren void and remand to the trial court for further proceedings
consistent with this opinion.

 

 

______________________________

J. BONNER DORSEY,

Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 19th day of December, 2002.











[1]This
chapter of the government code deals with ethical rules pertaining to  prohibitions against nepotism in matters
involving governmental officials.