

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00108-CV
_____


STONEWALL FINANCIAL SERVICES CORPORATION,
DOUGLAS W. BRADY AND THE LAW OFFICES OF
DOUGLAS W. BRADY, PC, D/B/A BRADY & COLE, PC, Appellants

V.

GARY CORONA, Appellee


On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court No. 08-01823


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Stonewall Financial Services filed suit against Gary Corona, alleging that it held an outstanding debt against Corona.[1] During the progress of the lawsuit, attorney's fees were awarded against Stonewall. Ultimately, the trial court granted Corona's plea to the jurisdiction over the matter and ordered Stonewall's case dismissed. Stonewall has appealed both the dismissal based on the plea to the jurisdiction and the award of attorney's fees against it as sanctions. We reverse the trial court's ruling on the plea to the jurisdiction; because that holding will reinstate the lawsuit, we decline to address the point of error concerning attorney fee sanctions.

## The Parties and Their History

Corona hired the law firm of Brady & Cole to represent him in litigation in February 2004 and paid the law firm an initial retainer of $10,000.00, with billing to be on an hourly basis for services rendered. Within about two weeks after first retaining Brady & Cole, Corona became dissatisfied with the representation and terminated the relationship. After Corona terminated the attorney/client relationship, Brady & Cole sent Corona bills for services rendered over and above the initial retainer. Corona informed Brady & Cole that he had no intention of paying the disputed services, and Corona received no more statements for services after about October 2004. Corona believed that the matter of the disputed billing had been dropped by Brady & Cole. Despite Corona's belief, in February 2008, he was sued by Stonewall, who claimed to

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

have been assigned Brady & Cole's right to recover the past attorney's fees. Months of contentious discovery and litigation ensued, the details of which are not necessary to our resolution of this matter.

In May 2011, Corona filed a plea to the trial court's jurisdiction, arguing that the assignment from Brady & Cole to Stonewall was a sham transaction and that the assignment was void as against public policy. Thus, argued Corona, Stonewall lacked standing to file suit based on the assigned claim. Proceeding further, he maintained that since Stonewall lacked standing or a justiciable interest in the alleged action between Corona and his former attorneys,[2] the trial court had no jurisdiction over Stonewall's suit. Without providing the rationale employed, the trial court granted Corona's plea to the jurisdiction, dismissing the lawsuit.

***The Plea to the Jurisdiction***

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction is a question of law, we review the trial court's ruling on the plea de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but must restrict its consideration to only the plaintiff's pleadings and the evidence relevant to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Berry v. Bd. of Regents of Tex. S. Univ.*, 116 S.W.3d 323, 324–25 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). We accept the allegations in the

---

[2]The firm Brady & Cole was subsequently disbanded; Douglas Brady, of that firm, went on to start another firm. Brady also was the president of Stonewall and represented Stonewall throughout these proceedings, including arguing at trial and appellate oral arguments.

pleadings as true in determining whether an incurable jurisdictional defect is apparent, rendering it impossible for the plaintiff's claims to confer jurisdiction on the trial court. *Bexar Cnty. v. Gant*, 70 S.W.3d 289, 292 (Tex. App.—San Antonio 2002, pet. denied). A reviewing court construes the pleadings liberally in favor of the plaintiff. *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2008).

As the party urging the plea to the trial court's jurisdiction, it was Corona's burden to present conclusive proof of the trial court's lack of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004); *see also City of Austin v. Rangel*, 184 S.W.3d 377, 382 (Tex. App.—Austin 2006, no pet.). At the hearing on the plea to the jurisdiction, no evidence was offered. Corona's first amended plea to the jurisdiction contained his verification, in which he stated he had read the plea, and the facts therein were within Corona's personal knowledge and true and correct. Those pleadings recounted the history of Corona's attorney/client relationship with Brady & Cole, his dismissal of the law firm, the disputed billing, the assignment to Stonewall, and a summary of the events during the current litigation (including the grant of a summary judgment in Stonewall's favor, which found a counterclaim brought by Corona was barred by limitations).

As stated, we consider Stonewall's pleadings liberally in its favor. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. Corona's sworn plea does not challenge jurisdictional facts. Rather, the plea simply states the history and relationship of the parties and

4

the litigation. Stonewall's pleadings must be construed in its favor. Its petition alleged that Stonewall is a Texas corporation, that Brady & Cole had a contractual relationship with Corona, that Corona owed a balance under that contractual agreement, that Brady & Cole assigned its rights under that agreement to Stonewall, and that Corona failed to respond to Stonewall's attempt to collect under the assigned agreement. The petition sought damages under the agreement between Brady & Cole and Corona in the amount of $26,856.25. Attached to the amended petition were a summary of the amount allegedly owed, a copy of a written assignment from Brady & Cole to Stonewall, and a copy of a demand letter from Stonewall to Corona. Stonewall's petition alleged sufficient facts to invoke the trial court's jurisdiction. *See First-Citizens Bank & Trust Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 566, 569 (Tex. App.—Austin 2010, no pet.) (assignee has right to assert assignor's contractual rights; adequately pled facts to establish jurisdiction).

### *Corona's Claimed Bases for Sustaining the Plea to the Jurisdiction*

Corona offers several reasons that he believes the trial court's order on the plea to the jurisdiction should be upheld.

Corona first claims that since he terminated Brady & Cole's representation for cause, no liquidated damage could have been assigned. However, this is more in the nature of a potential defense to the suit on the assignment than a jurisdictional bar to Stonewall's suit.[3] Similarly,

---

[3]Additionally, the cases cited by Corona for this argument, *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex. App.—San Antonio 1984, writ dism'd), and *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658, 662 (5th Cir. 1996), involve contingency fee contracts, whereas the agreement between Brady & Cole and Corona was not a contingency contract.

5

Corona's argument that Stonewall did not demonstrate the reasonableness of the claimed attorney's fees[4] is a matter of evidentiary sufficiency and is not jurisdictionally dispositive.

Second, Corona claims that Brady, as part of the law firm Brady & Cole, impermissibly disclosed confidential information to Stonewall, as part of the assignment.[5] Stonewall counters by arguing no confidential information was conveyed from the law firm to Stonewall; rather, only when Corona replied to Stonewall's discovery requests was any information which could qualify as confidential produced. Corona relies on an opinion from the Committee on Professional Ethics for the State Bar of Texas, which concluded that an attorney may not sell accounts receivable to a third-party factoring company without first obtaining from the client consent to disclosure of confidential information. Tex. Ethics Comm'n Op. No. 464, 52 Tex. B.J. 1200. "[Texas Committee on Professional Ethics] opinions are concerned with matters of attorney discipline and are advisory rather than binding." *Sidley Austin Brown & Wood*, *LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 866 (Tex. App.—Dallas 2010, no pet.) (citing *Labidi v. Sydow*, 287 S.W.3d 922, 929 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding)). There was no evidence presented that indicates that any unauthorized disclosure of confidential information actually took place. We do not need to determine (nor do we determine) whether the cited ethics opinion was violated. Because the rulings of the Committee on Professional Ethics

---

[4]*See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

[5]We can find nothing in the record or briefing where Corona actually describes what confidential information was disclosed—instead, he invokes the Professional Ethics Opinion discussed above, which stated, "In some cases, the fact that the lawyer was engaged by the client may be confidential; in many cases, the nature of the legal services resulting in the fee statement would be confidential; in most cases, the amount of the fee owing and the fact that the fee has not been paid would be confidential." Tex. Ethics Comm'n Op. No. 464, 52 Tex. B.J. 1200 (1989).

are binding on neither the trial court nor on us, we do not find any situation which would have deprived the trial court of jurisdiction.

Corona cites *Polland & Cook v. Lehmann*, 832 S.W.2d 729, 736 (Tex. App.—Houston [1st Dist.] 1992, writ denied), which pointed out that if a contract "has not been performed in accordance with requisites set forth in the disciplinary rules, performance may be excused as against public policy." (Citing RESTATEMENT (SECOND) OF CONTRACTS § 181 (1979)). Although it is possible that such an issue could be considered in determining whether Stonewall should actually recover in its claim, this is not an issue which would serve to deprive the trial court of jurisdiction to hear the matter. It does not appear to be authority for the assertion that the violation of an ethical breach deprives the trial court of jurisdiction to hear the case. Additionally, both *Polland* and *Fleming v. Campbell*, 537 S.W.2d 118, 119 (Tex. Civ. App.— Houston [14th Dist.] 1976, writ ref'd n.r.e.), also cited by Corona, involved referral fees, not contractual attorney's fees. While it is true the *Fleming* court found the contract void and unenforceable where there was not full disclosure of the fee splitting arrangement, that is not a jurisdictional defect.

Corona also argues the assignment from Brady & Cole to Stonewall was made with an eye to depriving Corona of any counterclaims he may have had against Brady & Cole. In the trial court hearing, he called the assignment an "artifice," a "scheme," and a "fraud." He pointed to the fact that attorney Brady wears multiple hats in this fact circumstance—he was a principal in the law firm of Brady & Cole, he represented both that law firm and Stonewall in the litigation, and he was the president of Stonewall. Both at trial and on appeal, Corona claimed

that public policy precluded such an assignment. Corona further argued that for the same reason that claims against an attorney for malpractice are not assignable, an attorney or law firm should not be able to assign claims for unpaid legal fees. We observe that a claim against an attorney for malpractice is not the same as a claim for unpaid legal fees; the nature of the claims are sufficiently different that no parallel can be drawn from one to the other.

Nothing presented for our review conclusively demonstrates the trial court was without jurisdiction, and thus we find the trial court erred to grant Corona's plea. We sustain Stonewall's first point of error.

***Attorney's Fee Sanctions Not Part of Final Judgment***

Because we find the case was improperly dismissed pursuant to the plea to the jurisdiction, the case below is still pending and no final judgment has been rendered in it. Unless specifically authorized by statute, Texas appellate courts only have jurisdiction to review final judgments. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2012); *see also Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The attorney's fees awarded were awarded as sanctions for discovery abuse. Rule 215.3, upon which the district court relied in this case, authorizes trial courts to impose appropriate sanctions upon persons who abuse the discovery process. TEX. R. CIV. P. 215.3. The rule states that orders imposing such sanctions "shall be subject to review on appeal from the final judgment." TEX. R. CIV. P. 215.2(b)(8). There is no provision for interlocutory appeal; "[d]iscovery sanctions are not appealable until the district court renders a final judgment." TEX. R. CIV. P. 215.2(b)(8); *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986) (per curiam).

We reverse the order of dismissal and remand the case to the trial court for further proceedings.

Bailey C. Moseley
Justice

Date Submitted:     August 9, 2012
Date Decided:       September 18, 2012

9